G. Hugo WHITEHOUSE and Nicholas Jameson, Co-Trustees,

v.

ROSENBLUTH BROTHERS.

Misc. No. 2405.

United States District Court E. D. Pennsylvania.

Dec. 7, 1962.

No appearance for plaintiff.

S. Gordon Elkins and David H. Rosenbluth, of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendants.

GRIM, District Judge.

In the United States District Court for the Southern District of Florida, plaintiffs obtained a judgment which they registered in this court under 28 U.S.C.A. § 1963, by filing a certified copy of the Florida judgment. Under F.R.Civ.P. 60(b) defendants have moved this court to be relieved from the effects of the judgment here, contending that the Florida court had no jurisdiction over them and that, consequently, the judgment is void. The contention that the Florida judgment is void appears to be based upon a contention that defendants, residents of Pennsylvania, were not properly served with process.

The Florida judgment apparently was obtained in a bankruptcy or reorganization proceeding in which it was contended that the defendants owed the estate a certain sum of money. However, there is nothing in the record to show how the Florida court obtained jurisdiction over the defendants or indeed to show what kind of proceedings were used to obtain the judgment. The Florida court or a bankruptcy referee might have entered a turnover order against

the defendants or a plenary suit may have been filed in the Florida District Court to obtain the judgment which now has been transferred to this court, but there is no indication of how service was made in the proceeding, whatever its nature.

Because of the lack of such vital information, this court cannot proceed any further on defendants' motion to be relieved from the effects of the judgment. However, this court will not dismiss defendants' motion but instead will defer action thereon until additional information has been submitted about the details of obtaining the Florida judgment. Defendants will be given 60 days from this date to submit proper evidence to establish this additional information. Plaintiffs may likewise produce evidence during that period. If defendants submit no such evidence within that time their motion for relief may be denied.