**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant-Appellee.**

**No. 80–1797.**

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 8, 1981.

Decided June 16, 1981.

Leroy D. Clark, Gen. Counsel, Constance L. Dupre, Acting Associate Gen. Counsel, Vella M. Fink, Acting Asst. Gen. Counsel, Washington, D. C., for plaintiff-appellant.

Harvey L. Harmon, Sr. of Franklin, Harmon & Satterfield, Inc., Oklahoma City, Okl. (Dennis T. Rathmann, St. Louis, Mo., of counsel), for defendant-appellee.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This matter comes before the court upon defendant's motion to dismiss the EEOC's appeal from a judgment in favor of defendant in a Title VII action. Defendant argues that the district court's order is not final and therefore not appealable. We agree.

In its Findings of Facts and Conclusions of Law, the trial court found in favor of defendant on the merits and concluded that an award of attorneys' fees to defendant was appropriate under the test set forth in *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). However, the court reserved the issue of the amount of such fees until a further hearing. In our recent decision in *Gurule v. Wilson,* 635 F.2d 782 (10th Cir. 1980), we faced a contention that failure to award attorneys fees under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, rendered the judgment interlocutory where such fees had been specifically requested in the plaintiffs' complaint. We concluded that the judgment was not final. Here, defendant sought an award of attorneys' fees in its answer to the EEOC complaint. Given the similarities between fee awards under § 1988 and Title VII, we believe the analysis in *Gurule* applies to this action and that the district court's judgment will not be final until the amount of attorneys' fees is established.

Accordingly, this appeal is dismissed as premature.