**BLACK GOLD, LTD., a Colorado corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**ROCKWOOL INDUSTRIES, INC., a Delaware corporation, Defendant-Appellant and Cross-Appellee.**

Nos. 80–2098, 80–2143.

United States Court of Appeals, Tenth Circuit.

Argued July 13, 1981.

Decided Dec. 9, 1981.

Kenneth R. Bennington of Brownstein Hyatt Farber & Madden, Denver, Colo. (John W. Madden III, of Brownstein Hyatt Farber & Madden, Denver, Colo., and Thomas D. Smart, Jr. of Smart, DeFurio & Brooks, Denver, Colo., with him on the brief), for Black Gold, Ltd.

John G. Wigmore of Lawler, Felix & Hall, Los Angeles, Cal. (Richard C. Neal of Lawler, Felix & Hall, Los Angeles, Cal., and Jeffrey L. Smith and John P. Congdon of Cohen, Brame, Smith & Krendl, Denver, Colo., with him on the brief), for Rockwool Industries, Inc.

Before DOYLE, McKAY, and SEYMOUR, Circuit Judges.

PER CURIAM.

This is an action asserting federal and state antitrust violations in connection with sales of thermal insulation materials for residential and commercial buildings. Plaintiff Black Gold, Ltd. filed an amended complaint on October 19, 1979. The complaint sought, pursuant to sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, injunctive relief, treble damages, costs of the action, and reasonable attorneys fees.

The district court resolved the merits by directing a verdict against Black Gold on some of its claims, and submitting the remainder to the jury. The jury returned a verdict on those claims in favor of Black Gold, and judgment was entered on May 30, 1980. The judgment expressly declared Black Gold's entitlement to recover reasonable attorneys fees, but did not fix any amount.

Rockwool reacted by timely filing a motion for judgment n. o. v. or new trial. That motion was denied September 16, 1980, and entered on the court's docket the next day, September 17. Rockwool filed a notice of appeal on October 15, 1980. Black Gold cross-appealed soon thereafter on October 24. On November 14, 1980, a hearing was held on the question of attorneys fees. At the close of the hearing the trial court took the matter under advisement, where it has remained ever since.

In *Gurule v. Wilson*, 635 F.2d 782, 786–88 (10th Cir. 1981), a civil rights action under 42 U.S.C. § 1983, we held that the trial court's failure to address a claim for attorneys fees under 42 U.S.C. § 1988, which the plaintiffs had raised in their complaint, ren-

dered the judgment on the merits nonappealable under 28 U.S.C. § 1291 for lack of finality. We concluded that finality for purposes of appeal did not occur until the claim for attorneys fees was finally resolved. In *EEOC v. St. Louis-San Francisco Railway*, 651 F.2d 718, 719 (10th Cir. 1981), we applied *Gurule* to a Title VII action where the only outstanding issue was the amount of attorneys fees. In *Glass v. Pfeffer*, 657 F.2d 252, 255 (10th Cir. 1981), another civil rights action, we extended *Gurule* to cover timely requests for attorneys fees made by a *defendant.* Finally, in *Wilson v. Redwine*, No. 81–1366 (10th Cir., July 13, 1981), an unpublished decision, we applied *Gurule* to a timely request for attorneys fees in a diversity case.

Following *Gurule*, the Third Circuit held in a recent en banc decision that "[u]ntil the amount of attorney's fees is set, or a fund from which they are to be awarded is established, litigation over the extent of parties' liabilities has not been terminated." *Croker v. The Boeing Co.*, 662 F.2d 975 at 984 (3d Cir. 1981). In so holding, the court overruled its prior decision in *Baughman v. Cooper-Jarrett, Inc.*, 530 F.2d 529, 531 n.2 (3d Cir.), *cert. denied*, 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87 (1976), where it was held that failure to determine the amount of attorneys fees in an antitrust suit under section 4 of the Clayton Act, 15 U.S.C. § 15, did not render the judgment therein nonfinal for purposes of 28 U.S.C. § 1291. *See Croker*, slip op. at 11.

Like the Third Circuit, we see no reason why civil rights cases should be distinguished from antitrust cases for purposes of determining when a judgment is final. We hold that the May 30, 1980 judgment in this case was not final when the parties filed their respective notices of appeal. Consequently, those notices of appeal were premature. *See Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567–68 (10th Cir.), *cert. dismissed*, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). The judgment remains nonfinal even presently, since the trial court has not yet resolved the matter of attorneys fees. The lack of finality in the May 30 judgment, of course, strips us of appellate jurisdiction under 28 U.S.C. § 1291, and requires us to dismiss this appeal in its entirety.