The shareholders' other arguments are without merit.

Affirmed.

**Leonard E. COX, Plaintiff-Appellant,**

v.

**Steven P. FLOOD, Jerry D. Fairbanks, Vernon E. Vincent, Defendants-Appellees.**

No. 81–2481.

United States Court of Appeals, Tenth Circuit.

Submitted on the briefs pursuant to Tenth Circuit Rule 9.

Decided July 15, 1982.

Leonard E. Cox, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.

The parties were notified that this court was considering summary dismissal for lack

of a final order in accordance with this court's decisions in *Glass v. Pfeffer*, 657 F.2d 252 (10th Cir. 1981) and *Black Gold, Ltd. v. Rockwool Industries*, 666 F.2d 1308 (10th Cir. 1981). In those cases we held that a district court's disposition on the merits is not reviewable under 28 U.S.C. § 1291 until the claim for attorney's fees has been resolved.

While this appeal was pending, the Supreme Court held in *White v. New Hampshire*, —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) that a post-judgment request for attorney's fees does not constitute a motion under Fed.R.Civ.P. 59(e) which must be filed within ten days after the final decision. The Supreme Court, however, did not address the precise finality issue raised in the present case, *i.e.*, whether there are inherent finality problems when a motion for attorney's fees is pending on the date of an otherwise final judgment, but is expressly reserved for further consideration by the trial court.

Despite the narrow ruling in *White v. New Hampshire*, —— U.S. —— , 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), in which the Court also declined to find that requests for attorney's fees are covered as costs under either Rule 54(d) or Rule 58, there are sufficient indications that the Court regards attorney fee requests as raising legal issues "collateral to the main cause of action" requiring "an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" *White v. New Hampshire*, 102 S.Ct. at 1166. We thus conclude that judgments finally disposing of the merits are appealable even though questions relating to attorney's fees have been left undecided. *Halderman v. Pennhurst*, 673 F.2d 628, 644 (3d Cir. 1982) (en banc), *overruling in part, Croker v. Boeing, Inc.*, 662 F.2d 975 (3d Cir. 1981) (en banc).

To the extent this court's prior opinions are inconsistent with this holding, they are to be disregarded. *See, e.g., Black Gold, Ltd. v. Rockwool Industries, Inc.*, 666 F.2d 1308 (10th Cir. 1981); *EEOC v. St. Louis-San Francisco Railway*, 651 F.2d 718 (10th Cir. 1981); *Glass v. Pfeffer*, 657 F.2d 252 (10th Cir. 1981); *Gurule v. Wilson*, 635 F.2d 782 (10th Cir. 1981).

The parties were previously advised to address the issue of this court's jurisdiction only. Accordingly, the clerk shall advise the parties of the requirements for filing memoranda addressing the merits in accordance with Tenth Circuit Rule 10(d). The motion for an order of remand is denied.

IT IS SO ORDERED.