Summer **MORRIS**, a minor, by her guardian, Leo W. **RECTOR**, Plaintiff,

v.

Ken M. **PETERSON**, individually, et al., Defendants.

No. 83–J–20.

United States District Court, D. Colorado.

Oct. 4, 1983.

---

Robert Dunlap, Colorado Springs, Colo., for plaintiff.

C. Willing Browne, Mary E. Walta, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for defendants.

## ORDER GRANTING MOTION TO VACATE JUDGMENT

KANE, District Judge.

This motion to vacate under Rule 60(b), F.R.Civ.P. stems from an order of the United States District Court for the District of Kansas, assessing attorney fees against the plaintiffs in a legal malpractice action. Leo Rector, as guardian of Summer Morris, instituted legal malpractice proceedings against two Kansas lawyers for breach of their fiduciary obligation to Summer Morris while representing her in a medical malpractice suit filed in federal district court in Kansas. The suit against the defendants was filed in state district court in Colorado, removed to federal court in Colorado by the defendants and transferred to federal court in Kansas on defendants' motion. The Honorable Frank G. Theis granted the defendants' motion for summary judgment and assessed attorney fees against the

plaintiff Leo Rector and his Colorado attorney, Robert Dunlap. Neither Rector nor Dunlap appeared in the case once it was transferred to the District of Kansas. The order for attorney fees has been registered in this court for enforcement under 28 U.S.C. § 1963. Both Rector and Dunlap have asked me to vacate this order for two reasons: First, the order is void for lack of personal jurisdiction over them. Second, the judge who entered the order was biased in favor of the defendants. Defendants say that I should not consider the motion to vacate since the order assessing attorney fees was not entered by this court but only registered here for enforcement. I am convinced from reading the briefs concerning this motion, that the issue of personal jurisdiction is dispositive. I will therefore direct my analysis to that issue first and then to the issue of whether this court is the proper forum for granting relief. The judicial bias issue will not be discussed.

## MOTION TO VACATE UNDER 60(b)(4) F.R.CIV.P.

█ Rule 60(b), F.R.Civ.P. has invested federal courts with the power in certain restricted circumstances to "vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton Steamship Co.,* 608 F.2d 96, 101–102 (4th Cir.1979) (*citing Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)). Although Mr. Dunlap and Mr. Rector did not specify in their brief which subdivision of Rule 60(b) serves as the basis for their claim for relief, it is apparent that they are relying on 60(b)(4). This subdivision provides relief from a judgment if the judgment is void. A judgment is void if the rendering court lacked subject matter jurisdiction or jurisdiction over the parties. 7 Moore's Federal Practice § 60.25[2] (2d ed. 1978). I must, therefore, determine whether Rector and Dunlap had insufficient contacts with the State of Kansas so as to render the district court powerless to assess attorney fees against them.

## JURISDICTION UNDER THE KANSAS LONG ARM STATUTE

█ In order for a federal court to assert personal jurisdiction over a non-resident in a diversity case, the non-resident's activities must fall within the scope of the forum state's long arm statute and his or her contacts with the forum state must be sufficient so that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo.1982); *Inter-Collegiate Press, Inc. v. Myers,* 519 F.Supp. 765, 767 (D.Kan. 1981) (*citing Thermal Insulation Systems, Inc. v. Ark-Seal Corp.,* 508 F.Supp. 434, 436 (D.Kan.1980)). The exercise of personal jurisdiction over Rector and Dunlap is asserted because of K.S.A. § 60–308(b)(1) which reads:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any said acts; (1) the transaction of any business within the state

█ The defendants' brief lists a number of activities by Dunlap and Rector as justifying the exercise of jurisdiction pursuant to this statute. First, by bringing the legal malpractice action in Colorado, the plaintiffs interjected themselves into the Kansas medical malpractice suit. Such a contention is absurd. The medical malpractice case initiated by defendants in Kansas and the legal malpractice action initiated by plaintiffs in Colorado involve two totally separate causes of action. Defendants fail to show how filing the legal malpractice action in Colorado constitutes "transacting business" in Kansas. Defendants also insist that Rector's appearance in federal district court in Kansas as the guardian of Summer Morris in the medical malpractice action provides a basis for personal jurisdiction. The order at issue in

this motion is the assessment of attorney fees against Rector and Dunlap. That order did not arise from Rector's appearance in the Kansas court to protest a settlement. Therefore, his appearance cannot serve as a basis for jurisdiction in this action.

■ As for Mr. Dunlap, defendants allege that Mr. Rector's appearance in Kansas can be imputed to him. I have found no authority and defendants failed to cite any authority supporting such a proposition. Mr. Dunlap has entered the State of Kansas on two occasions. Once in 1979 to interview a witness for a case pending in federal court in Colorado, and again in April of 1983 to interview an individual who had witnessed an event in Colorado. *See* Dunlap affidavit, p. 1. Both of these business transactions are irrelevant since they are in no way related to this suit. Finally, defendants insist that Dunlap subjected himself to the jurisdiction of the Kansas court by soliciting the services of a Kansas attorney to represent Mr. Rector in Kansas. Defendants cite *Thermal Insulation Systems v. Ark-Seal Corp.*, 508 F.Supp. 434, 443 (D.Kan.1980) as support that such solicitation constitutes the "transaction of business" in Kansas. *Thermal* held that physical presence is no longer a requirement but only a factor in determining jurisdiction under the Kansas long arm statute. 508 F.Supp. at 442. The contacts of the defendant with the forum state in *Thermal* were much more extensive than Dunlap's. The defendant in *Thermal* advertised and solicited the sale of his product in Kansas, invited the plaintiff to Colorado to purchase the product and after the purchase, shipped the product to Colorado for repairs. 508 F.Supp. at 442. Mr. Dunlap did not establish a contract of employment with the Kansas attorney nor did his solicitation result in any pecuniary gain. Therefore, his attempt to secure representation for Mr. Rector does not constitute the "transaction of business" under K.S.A. § 60–308(b)(1) as interpreted in *Thermal.*

## JURISDICTION IN COMPLIANCE WITH DUE PROCESS

■ The exercise of jurisdiction under K.S.A. § 60–308(b)(1) must also comport with the requirements of due process. Due process is satisfied when the non-resident has had "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Whether such contacts are sufficient for the exercise of personal jurisdiction is determined on a case by case basis. *Kulko v. Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). The non-resident's contacts are sufficient if he purposely avails himself of the privilege of conducting activities within the forum state or if due to his activities he should reasonably anticipate being hailed into the forum state's court. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). By filing suit in Colorado, Rector and Dunlap did not purposely avail themselves of the privilege of conducting business in Kansas, nor did they reasonably anticipate being hailed into a Kansas court. Besides filing suit in Colorado, the other contacts of Rector and Dunlap with the forum state are not relevant to this case and do not justify the exercise of jurisdiction under the due process clause.

## PROPRIETY OF REGISTERING COURT TO GRANT RELIEF UNDER RULE 60(b)

The cases are split on the issue of whether a registering court presented with a motion for relief from judgment under 60(b), F.R.Civ.P. should transfer the motion to the court which originally issued the judgment. *See* 55 A.L.R.Fed. 439. Defendants cite the Tenth Circuit decision of *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir.1970) as requiring this court to transfer this motion to the federal district court in Kansas. Defendants lack an understanding of the difference between an independent equitable action under Rule 60(b) and a motion to va-

cate under that rule. The trial judge in *Winfield* treated the appellant's motion as an independent equitable action for relief from the default judgment. 429 F.2d at 1090. *Winfield* is inapplicable to this case since plaintiffs here are not bringing an independent equitable action. I have therefore decided to follow the cases allowing the registering court to grant relief. *Donnely v. Copeland Intra Lenses,* 87 F.R.D. 80, 86 (E.D.N.Y.1980) (deference to rendering court not in best interest of all concerned); *Graciette v. Star Guidance, Inc.,* 66 F.R.D. 424 (S.D.N.Y.1975); *Whitehouse v. Rosenbluth Bros.,* 32 F.R.D. 247 (D.Pa.1962); *Bratnober v. Illinois Farm Supply Co.,* 169 F.Supp. 85 (D.Minn.1985). The convenience of the parties and the interests of justice would best be served by resolution of this motion in this court.

## DECISION

■ The decision to grant relief under 60(b)(4) is not discretionary. The sole function of the registering court is to decide whether the earlier judgment is void because the rendering court lacked jurisdiction over the parties. *Rockwell International Corp. v. KND Corp.,* 83 F.R.D. 556, 559 (N.D.Tex.1979). If voidness is found, relief is mandatory. *Textile Banking Co., Inc., v. Rentschler,* 657 F.2d 844, 850 (10th Cir.1981) (trial judge has no discretion and must grant appropriate Rule 60(b) relief); *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 8 (10th Cir.1979). I am convinced by the facts presented that the United States District Court for the District of Kansas was powerless to assess attorney fees against Dunlap and Rector. Since that judgment is void, I have no choice but to grant the motion to vacate that judgment. IT IS SO ORDERED.