DATAQ, INC., Plaintiff-Appellant/Cross Appellee,

v.

TOKHEIM CORPORATION, Defendant-Appellee/Cross Appellant.

Nos. 82–1167, 82–1855.

United States Court of Appeals, Tenth Circuit.

May 30, 1984.

Jerry J. Dunlap of Dunlap & Codding, Oklahoma City, Okl. (Charles A. Codding of Dunlap & Codding, Oklahoma City, Okl., and Pat Malloy of Malloy & Malloy, Inc., Tulsa, Okl., with him on briefs), for plaintiff-appellant/cross appellee.

David A. Lundy of Lundy & Associates, Fort Wayne, Ind. (Elsie Draper of Gable & Gotwals, Tulsa, Okl., with him on briefs), for defendant-appellee/cross appellant.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff brought this action alleging breach of contract and patent infringement. After plaintiff presented its evidence to the jury, the trial court directed verdicts in favor of the defendant on both counts. Defendant sought leave to file a motion for costs and attorney's fees. The motion was denied. Plaintiff appeals from a final judgment entered on the directed verdicts and defendant cross-appeals on the attorney's fees issue.

In 1969, plaintiff, Dataq, began developing an electronic gasoline dispensing system for use in service stations. In the summer of 1969, defendant, Tokheim Corporation, a large manufacturer of gasoline

pumps, became interested in acquiring the plaintiff corporation. The parties entered into an agreement, dated August 29, 1969, whereby the plaintiff was to disclose confidential information regarding the development of its electronic gasoline dispensing system. The purpose of the agreement was to allow the defendant to evaluate the development information and the potential acquisition of the plaintiff. The agreement was to terminate upon occurrence of a number of conditions, which are not at issue here, or on August 1, 1971. While the agreement was in effect, the parties continued to exchange information and the plaintiff continued to develop the gasoline dispensing system. The parties never reached an agreement as to defendant's acquisition of the plaintiff.

On September 20, 1973, the plaintiff applied for a patent on its dispensing system. The patent was subsequently granted. However, in September 1972, the defendant had begun marketing its own gasoline dispensing system and by the early 1980's had introduced a total of three models. Plaintiff brought this action alleging that the defendant developed its systems by utilizing the confidential information disclosed pursuant to the August 29, 1969, agreement and that this use of the disclosed information violated the terms of the agreement. Plaintiff also alleged that the systems developed by defendant infringe on plaintiff's patent.

## STANDARD OF REVIEW

The standard for reviewing a directed verdict is whether there is a genuine issue of material fact to be resolved by the trier of fact. *Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.*, 584 F.2d 946, 951 (10th Cir.1978). A verdict should "be directed where both the facts and the inferences to be drawn from the facts point so strongly in favor of one party that the court believes that reasonable men could not come to a different conclusion." *Id.* (quoting 5A *Moore's Federal Practice* ¶ 50.02[1] (2d ed. 1977)). As we concluded in *Black*, in light of these exacting stan-

dards, directed verdicts should be granted cautiously and sparingly. *Id.* In applying this standard, we must view the evidence in the light most favorable to the party against whom the verdict was directed. We must give that party the benefit of all inferences which the evidence fairly supports, even though contrary inferences could reasonably be drawn. *Id.*

## CONTRACT CLAIM

■ Under Oklahoma law, an action for breach of a written contract must be brought within five years of the date the cause of action accrues. Okla.Stat.Ann. tit. 12 § 95 (West Supp.1983). A cause of action accrues when the party owning it has a legal right to sue, *see Sherwood Forest No. 2, Corp. v. City of Norman*, 632 P.2d 368, 370 (Okl.1980), and is intended to run against those who are neglectful of their rights and fail to use reasonable and proper diligence in enforcing them. *Seitz v. Jones*, 370 P.2d 300, 302 (Okl.1961); *see also, Equilease Corp. v. State Federal Savings and Loan Association*, 647 F.2d 1069, 1073 (10th Cir.1981).

The confidentiality agreement herein, terminated, by its own terms, on August 1, 1971. Plaintiff filed its complaint on September 29, 1978. Finding that there was no genuine issue of material fact as to whether the statute of limitations had been tolled, the trial court directed a verdict against the plaintiff on its contract claim because the plaintiff did not bring this action within five years of August 1, 1971.

■ Plaintiff argues on appeal that it did present evidence sufficient to raise a genuine issue of material fact as to whether the statute of limitations had been tolled, and therefore the trial court erred in directing a verdict in defendant's favor. Plaintiff contends that the statute of limitations may be tolled several ways. We need not address each of the theories plaintiff raises since under any of the theories, the statute is only tolled until plaintiff knew or, in the exercise of reasonable diligence, should have known of the breach. *Redwine v. Baptist Medical Center*, 679 P.2d 1293

(Okl.1983) (reprinted at 54 Okla. Bar J. 1272, 1273 (1983)); *see also, Flowers v. Stanley,* 316 P.2d 840, 846 (Okl.1957). Viewing the evidence in the light most favorable to the plaintiff, we have reviewed the record and conclude that the trial court properly directed a verdict in favor of the defendant on plaintiff's contract claim. The evidence produced at trial and any inferences fairly drawn from it clearly supports the trial court's findings that the plaintiff was aware that "something may have been amiss concerning the Defendant's obligations under the confidentiality agreement" by November of 1972. Record, vol. 2, at 618. Thus, if there was any tolling of the statute after the contract expired on August 1, 1971, the statute was tolled only until November 1972. Plaintiff did not bring its action until almost six years after November 1972.

### PATENT INFRINGEMENT CLAIM

Title 35 U.S.C. § 102(b) (1976) provides that a person is entitled to a patent unless "the invention was ... on sale in this country, more than one year prior to the date of the application for patent in the United States ...." The trial court directed a verdict against plaintiff on its patent infringement claim because the court found that plaintiff's dispensing system was "on sale" prior to the one-year period. The court also found that the plaintiff failed to present evidence sufficient for submission to a jury to bring plaintiff's device within the experimental use exception to section 102(b). Record, vol. 2, at 620; *see McCullough Tool Co. v. Well Surveys, Inc.,* 343 F.2d 381, 393–94 (10th Cir.1965), *cert. denied,* 385 U.S. 990, 87 S.Ct. 601, 17 L.Ed.2d 451 (1966). Thus, the trial court found that plaintiff's patent was invalid and therefore there was no infringement issue for the jury to decide.

The issue on appeal is whether the trial court erred in directing a verdict that plaintiff's dispensing system was "on sale" prior to one year before the patent application was filed. We need not reach a determination of the trial court's ruling on the exper-

imental use exception if the device was not "on sale." *See Manufacturing Research Corp. v. Graybar Electric Co.,* 679 F.2d 1355, 1362 (11th Cir.1982).

The alleged "sale" in this action is plaintiff's acceptance of a purchase order from an Oklahoma corporation, which is not a party to these proceedings. The purchase order was accepted by plaintiff on August 20, 1972, one year and twenty-one days prior to plaintiff filing the patent application. At the time plaintiff accepted the purchase order, the dispensing system in question had been developed to the point where circuit diagrams had been drawn and "tapings" prepared. The "tapings" consisted of adhesive tapes mounted on flat sheets of plastic. The tapes corresponded to the connections shown in the circuit diagrams. After the purchase order was accepted, the tapings were shipped to a firm which converted them to photographic negatives, and then converted the negatives into printed circuit boards. After the circuit boards were completed, plaintiff still had to physically insert electronic chips into the holes in the boards and solder the chips to connectors. After that, plaintiff had to test the unit in laboratory conditions before connecting it with on-site hardware. Plaintiff presented evidence that until a prototype was built and tested, it did not know whether the system would work.

■ This court has never considered the stage of development which an invention must have reached before it can be "on sale." After carefully reviewing the caselaw in other circuits, we adopt the test applied in *Poole v. Mossinghoff,* 214 U.S. P.Q. (BNA) 506 (D.D.C.1982). In *Poole,* Chief Judge Markey of the United States Court of Customs and Patent Appeals, sitting by designation, set out a test for determining if a device is "on sale." "Whether an invention is 'on sale' is primarily a matter of the inventor's intent." *Id.* at 509. The inventor must have a present intent to sell, and must communicate that intent to a prospective purchaser to elicit a sale and not for some other reason. *Id.* Further,

the *Poole* court held that the contract in that case was insufficient in itself

> to establish a placing of the invention "on sale" because, at the time it was negotiated, the invention was not a "reality," that is, it had not been reduced to practice and was not beyond the state of experimentation.... Indeed, it had not been and may never have been successfully developed.

*Id.* (citation omitted).* We are satisfied that *Poole* provides an analytically sound test which accommodates the interests of both the inventor and the public.

■ Viewing the evidence and the inferences which it fairly supports in the light most favorable to the plaintiff, we find that the trial court improperly directed a verdict against plaintiff on the patent infringement issue. A careful review of the record leaves us persuaded that under the *Poole* test, plaintiff raised a genuine issue of material fact as to whether its gasoline dispensing system had been "reduced to practice" prior to one year before the patent application was filed, thus raising a genuine issue of material fact as to whether the system was "on sale" before the critical date.

### ATTORNEY'S FEES

The defendant cross-appeals, challenging the trial court's order denying defendant leave to file a Bill of Costs and Motion for Attorney's Fees. The defendant seeks an award of attorney's fees and costs on three grounds: (1) under 35 U.S.C. § 285 (1976); (2) under Fed.R.Civ.P. 37(a)(4); and (3) under Fed.R.Civ.P. 54(d).

■ Title 35 U.S.C. § 285 provides that in exceptional cases a court "may award reasonable attorney fees to the prevailing party," in patent suits. Our conclusion that the trial court improperly granted a directed verdict in favor of the defendant defeats defendant's position as a prevailing party on the patent claim. Thus, defendant's claim for attorney's fees under section 285 is moot.

■ Defendant also challenges the trial court's refusal to accept its motion under Fed.R.Civ.P. 37(a)(4). Rule 37(a)(4) provides for an award of expenses, including attorney's fees, incurred in a motion to compel discovery. Under certain circumstances, the rule provides for an award in favor of the moving party if the motion is granted, and against the moving party if the motion is denied. Here, the plaintiff voluntarily withdrew its motion to compel discovery. The court neither granted nor denied the motion. The defendant contends that because the plaintiff withdrew the motion, defendant is entitled to an award of attorney's fees and costs incurred in defending against the motion. However, the rule simply does not provide for an award under such circumstances.

■ Local Rule 7(e) of the Northern District of Oklahoma provides that a prevailing party in a civil action must file a verified bill of costs within ten days of the entry of judgment. N.D.Okla.R. 7(e). The defendant did not file its motion for costs within ten days of the entry of judgment. In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court held that a request for attorney's fees under 42 U.S.C. § 1988, was not a motion to alter or amend a judgment and was therefore not subject to the ten-day timeliness standard of Fed.R.Civ.P. 59(e). The Court specifically noted that district courts are "free to adopt local rules establishing standards for timely filing of requests for costs ...." *Id.* at 454, 102 S.Ct. at 1168. Defendant's motion for costs was untimely under the local rules and the district court properly refused to consider it.

---

* "Reduction to practice" is a widely recognized factor for determining when an invention is completed under section 102(b). *See Stewart-Warner Corp. v. City of Pontiac*, 717 F.2d 269, 273 (6th Cir.1983); *Digital Equip. Corp. v. Dia-* mond, 653 F.2d 701, 718 (1st Cir.1981); *CTS Corp. v. Piher Int'l Corp.*, 527 F.2d 95, 103 (7th Cir.1975); *Timely Prod. Corp. v. Arron*, 523 F.2d 288, 302 (2d Cir.1975); *In Re Yarn Processing Litig.*, 498 F.2d 271, 277 (5th Cir.1974).

The defendant argues that it is not barred by the ten-day rule because plaintiff's notice of appeal, filed on the same date judgment was entered, divested the district court of jurisdiction to consider a motion for costs. Defendant-Appellee's Brief at 46–50. This argument has already been effectively resolved against the defendant. *See Cox v. Flood*, 683 F.2d 330 (10th Cir.1982).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.