Joseph G. BUDINICH,
Plaintiff-Appellant,

v.

BECTON DICKINSON AND COMPANY,
a foreign corporation,
Defendant-Appellee.

No. 84–2192.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 1986.

William S. Finger of Nicholls, Kusic, Frank & Finger, Evergreen, Colo., for plaintiff-appellant.

Terre Lee Rushton of Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for defendant-appellee.

Before McKAY, SETH and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This action arises out of an employment contract under which plaintiff served as defendant's western regional manager for a salary plus commission on sales. Prior to plaintiff's completion of a major sale to the United States Air Force, defendant's commission structure was modified, resulting in a substantial reduction in the commission ultimately paid to plaintiff. Although he protested, plaintiff continued his employment with defendant. Sometime later, and shortly before an order for spare parts and a supplemental purchase order were placed by the Air Force, defendant terminated plaintiff's employment.

Plaintiff initially brought this diversity action asserting claims for breach of contract, quantum meruit, misrepresentation, and outrageous conduct. Following a lengthy procedural course, during which plaintiff's claims were revised somewhat as a result of the district court's grant of partial summary judgment for defendant, the case was tried to a jury, which found for defendant on plaintiff's misrepresenta-

tion and implied contract (for commission on the spare parts order) claims but awarded plaintiff $5,000 on an implied contract theory regarding the supplemental purchase order.

The district court entered judgment on the verdict on March 26, 1984. Plaintiff timely filed an original and an amended new trial motion challenging various substantive rulings by the district court, as well as a motion for attorney's fees. On May 16, 1984, the new trial motions were disposed of, but the district court reserved determination of the amount of attorney's fees to be awarded to plaintiff. The district court ultimately issued its final order regarding the fees issue on August 2, 1984, and plaintiff filed his sole notice of appeal from the court's post-trial orders on August 29, 1984.

Defendant has moved for summary dismissal of this appeal as untimely, relying on the principle we first announced in *Cox v. Flood*, 683 F.2d 330 (10th Cir.1982). In *Cox* and several later cases, this court held that judgments finally disposing of the merits are appealable even though questions relating to attorney's fees have been left undecided. *Id.* at 331; *see, e.g., Art Janpol Volkswagen v. Fiat Motors*, 767 F.2d 690 (10th Cir.1985); *cf. Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601 (10th Cir. 1984). Accordingly, an appeal on the merits must be filed within the requisite time period following entry of final judgment thereon, notwithstanding that a motion for attorney's fees may be pending. *See West v. Keve*, 721 F.2d 91 (3d Cir.1983); *Smillie v. Park Chemical Co.*, 710 F.2d 271 (6th Cir.1983). Since plaintiff did not file a notice of appeal from the district court's May 16, 1984, order disposing of his new trial motions until August 29, 1984, when he appealed the district court's award of $1,000 in attorney's fees, defendant contends that the former appeal must be dismissed as untimely.

Plaintiff seeks to avoid the effect of the authorities cited by arguing that, unlike our previous decisions, the present case involves a situation where attorney's fees are an inherent part of the relief sought and, consequently, must be determined before the judgment on the merits can be considered final. While there is some authority for the type of situational approach advocated by plaintiff, *see F.H. Krear & Co. v. Nineteen Named Trustees*, 776 F.2d 1563 (2d Cir.1985); *McQurter v. Atlanta*, 724 F.2d 881 (11th Cir.1984); *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed. 956 (1983), we believe the better course is followed in those circuits which treat all attorney's fees motions as procedural equivalents and uniformly require separate notices of appeal when such motions are resolved after judgment has been rendered on the merits. *See Exchange National Bank v. Daniels*, 763 F.2d 286 (7th Cir.1985); *Morgan v. Union Metal Manufacturing*, 757 F.2d 792 (6th Cir.1985); *International Association of Bridge, etc., Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656 (9th Cir. 1984); *West v. Keve, supra.*

A uniform, unqualified rule is especially appropriate in the present context for several reasons. First, the de facto, case-by-case analysis required by the situational approach, and the consequent uncertainty it would promote until an inclusive and coherent set of principles could be worked out, is particularly unsuited to a jurisdictional rule that requires forfeiture of an appeal for noncompliance. *See Daniels, supra* at 293; 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3915 at 398–401 (Supp.1985); *see also Alcorn County v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1165 n. 4 (5th Cir.1984) (Fifth Circuit acknowledging the difficulties its situational approach may cause litigants). Second, to be consistent, those courts holding that under particular circumstances fees are an integral part of the judgment, which is therefore not final until the matter of fees is resolved, must also hold that motions relating to such fees are, in effect, motions to alter or amend judgment and thus subject to the time constraints of Fed.R.Civ.P. 59(e). This result,

however, cannot be endorsed in light of the Supreme Court's analysis and decision in *White v. New Hampshire,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding Rule 59(e) inapplicable to requests for fees under 42 U.S.C. § 1988). Of course, the *White* holding specifically applies only to § 1988 requests, but nothing in the opinion indicates that motions seeking fees pursuant to other authority should be treated any differently. *See id.* at 450–55, 102 S.Ct. at 1165–68. Third, divining the degree of relationship between attorney's fees and the compensation sought in any particular case is a procedure of uncertain design and questionable validity. The Third Circuit has expressed this concern in more specific terms:

> We reject as altogether too metaphysical the distinction between fees that are "compensation for injury" and those that are not. All awards of fees make the prevailing party better off. Whether this benefit is "really" a way to compensate for the underlying hurt or instead a way to reduce the cost of litigation, thus making redress of the underlying hurt more likely and leaving the prevailing party with a greater net award, is a question of semantics rather than substance. Resolution of this question would depend on the legislative (or bargaining) history of a given statute or contract—if indeed such a question ever has a sensible answer.

*Daniels, supra* at 294. Finally, we note that the adoption of a per se rather than situational approach is certainly consistent with, if not compelled by, this court's unqualified holdings in prior decisions. *See, e.g., Cox, supra* at 331 ("judgments finally disposing of the merits are appealable even though questions relating to attorney's fees have been left undecided"); *Clulow v. Oklahoma,* 700 F.2d 1291, 1293 n. 1 (10th Cir.1983) ("outstanding motions for fee awards are no longer to be considered as affecting the finality and appealability of decisions on the merits").

■ Plaintiff also argues that, since this is a diversity action, the rule of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), precludes the application of the principles developed by this court in *Cox* and subsequent cases. In plaintiff's view, the law of Colorado, the forum state, which apparently would permit joint appeal of the merits and attorney's fees determinations under the present circumstances, *see Marietta v. Busto,* 691 P.2d 345, 347 (Colo.App.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985), must be applied. We disagree. State law governs only those issues that are properly characterized as substantive; matters of procedure are controlled by federal law. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449 (10th Cir.1982). The specification of the time for filing a notice of appeal from the judgment of a federal district court is clearly a question of federal procedure and as such is governed by federal law. *See generally Art Janpol Volkswagen, supra,* and *Daniels, supra* (both cases applying federal law to the issue presently under consideration, without acknowledgment of any *Erie* problem). Diversity cases decided by courts following the situational approach, such as *Certain British Underwriters v. Jet Charter Service, Inc.,* 739 F.2d 534, 535–36 (11th Cir. 1984) and *Oxford Production Credit Association v. Duckworth,* 689 F.2d 587, 588–89 (5th Cir.1982), which hold the *underlying* determination of the relationship of fees to the merits to be a matter of state law, are not necessarily inconsistent with the result reached here. Indeed, these decisions do apply federal law—*i.e.,* the situational approach developed by the particular circuit— to the ultimate issue of appellate jurisdiction.

■ For the reasons discussed above, we hold that the principle first enunciated in *Cox* applies in diversity as well as federal question cases regardless of the perceived relationship between the fee award and the determination of the underlying controversy. Furthermore, we find plaintiff's plea for nonretroactive application of our decision to be entirely out of place.

While this court has not yet expressly ruled on the issues raised by plaintiff's proposed exception to *Cox*, not one of our post-*Cox* decisions even suggests that the situational approach advocated by plaintiff might be adopted or that diversity cases would somehow warrant special treatment. We are neither overruling clear past precedent nor deciding an issue of first impression whose resolution was not clearly foreshadowed. *See EEOC v. Gaddis,* 733 F.2d 1373, 1376 (10th Cir.1984). If nonretroactivity were required under these circumstances, virtually every appellant with enough intellectual ingenuity to state his position in terms of an as yet unconsidered exception to an existing rule would be able to side-step the "new principle of law" hurdle imposed in *Gaddis.*

Accordingly, plaintiff's attempted appeal from the district court's judgment on the merits must be dismissed. The notice of appeal, filed more than thirty days after the denial of plaintiff's motions for new trial, was untimely and ineffective. Fed.R. App.P. 4(a)(1) and (4).

▉ Defendant has also moved to dismiss this appeal as it relates to the district court's order of August 2, 1984, which finally resolved the issue of attorney's fees. Defendant contends that plaintiff's notice of appeal, filed after said order but before the fees were taxed as costs in accordance with the court's direction, was premature. This argument is without merit. The taxation of costs is a ministerial function and, as such, its completion is not a prerequisite to the finality of the district court's underlying order regarding fees. *See United States v. 2,186.63 Acres of Land,* 464 F.2d 676, 678 (10th Cir.1972).

Without a single reference to any supporting authority, plaintiff asserts that the district court's award of fees is contrary to existing standards and inadequately vague. We cannot agree. Indeed, in light of the thorough analysis evident in the district court's orders addressing the matter, and the unsupported, perfunctory objections raised by plaintiff on appeal, very little need be said about the fee award. The

determination of a reasonable fee under Colo.Rev.Stat. § 8–4–114 is a question of fact for the trial court and should not be disturbed on review unless patently erroneous and unsupported by the evidence. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318, 1322 (Colo.1979). Plaintiff has failed to demonstrate such error here.

The motion for summary disposition is GRANTED and the appeal DISMISSED as to all issues except the award of attorney's fees. The judgment of the United States District Court for the District of Colorado awarding attorney's fees to plaintiff in the amount of $1,000 is AFFIRMED. Plaintiff's request for additional briefing is inappropriate and, in light of the disposition of this appeal, moot. The mandate shall issue forthwith.