Summer MORRIS, a minor, by her Guardian, Leo W. RECTOR, Plaintiffs–Appellants,

v.

Ken M. PETERSON, individually, and Morris, Laing, Evans, Brock & Kennedy, Chartered, a Kansas Chartered Law Firm, Defendants–Appellees.

No. 85–1931.

United States Court of Appeals, Tenth Circuit.

March 31, 1989.

Robert Dunlap, Colorado Springs, Colo. (Anthony A. Johnson, Rector, Retherford, Mullen & Johnson, Colorado Springs, Colo., was also on the brief), for plaintiffs-appellants.

Ken M. Peterson, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan. (Joseph J. Hlavacek, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., was also on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, and ANDERSON, Circuit Judge, and BRIMMER, District Judge *.

HOLLOWAY, Chief Judge

The procedural posture here is complicated but the legal issue is simple: May a district court assess appellate attorney's fees under either its inherent equitable powers or 28 U.S.C. § 1927 when the application is made in a district court of another district than the one from which the appeal was taken? We hold that under these circumstances a district court may not make such an award and we reverse.

I

In a Colorado state court, appellants Dunlap and Rector filed a legal malpractice action against defendants Peterson and the Kansas law firm of Morris, Laing, Evans, Brock & Kennedy. The defendant Kansas attorneys removed the case to the United States District Court for the District of Colorado on diversity grounds and successfully moved to transfer the case to the federal district court in Kansas. The motion was predicated upon the fact that Kansas law applied and most of the witnesses lived in Kansas. In the federal court in Kansas, the defendant Kansas attorneys then moved for summary judgment and requested attorney's fees pursuant to 28

---

* The Honorable Clarence W. Brimmer, Chief Judge of the United States District Court for the District of Wyoming, sitting by designation.

U.S.C. § 1927.[1] Upon appellants' failure to respond to the motion, the district court granted the defendant Kansas attorneys' motion for summary judgment, I R. 30, and also made an award of attorney's fees against the appellants, Rector and Dunlap. I R. 35.

Being unable to satisfy their judgment against appellants Dunlap and Rector in Kansas, the defendant Kansas attorneys registered the judgment in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1963. In response, appellants Dunlap and Rector there moved under Federal Rule of Civil Procedure 60(b) to vacate the judgment. They argued that the Kansas federal district court had lacked personal jurisdiction over them to enter the judgment for fees and therefore the judgment was void. The federal district court in Colorado agreed and vacated the Kansas district court's judgment. *Morris et al. v. Peterson,* 573 F.Supp. 341, 345 (D.Colo.1983). The defendant Kansas attorneys appealed and this court reversed. We held that the Kansas district court succeeded to the jurisdiction that the Colorado federal district court had had over Rector's and Dunlap's legal malpractice action and over Rector and Dunlap. We held further that Rector and Dunlap should have raised their objections to the power of the Kansas district court to assess the fees and expenses against them personally in the Kansas court. *Morris et al v. Peterson,* 759 F.2d 809, 812–813 (10th Cir.1985).

The defendant Kansas attorneys who had prevailed in their appeal to this court then returned to the Kansas federal district court. There they requested additional attorney's fees and costs which they had incurred in successfully appealing and obtaining the reversal of the decision of the Colorado federal district court. The district court in Kansas granted the motion and awarded fees and costs arising from that appeal against Rector and Dunlap, stating the following findings, *inter alia:*

> The Court: All right. I think the matter before the Court is the application of Mr. Peterson and his firm for the allowance of attorney's fees as the result of that recent appeal on Judge Kane's decision.... [T]hey have had this appeal, they've been out this money, and essentially all they're trying to do is get themselves made whole.... And the only way to make this thing whole, in my opinion, is to put Mr. Peterson and the Laing firm in the position that they were before. And, whatever time they've had to take in defending that goes clear back to the inception of the other matter.... [O]n that basis I think that the actions of Mr. Rector and Dunlap in this whole matter were frivolous and had to bear on the vindictive, and for that reason I think it—even though one hates to impose sanctions on lawyers—why I think it has to be done once in awhile to define what their duties and obligations are.... And, I think any judge that handled this, whether he never saw this before or whether he was familiar with the whole background as I am would have no hesitancy in allowing these attorneys fees, because this will put the defendants in a whole position.

III R. 2, 14–16. The court ordered an award of attorney's fees and costs in the amount of $15,730.04 in favor of the defendant Kansas attorneys against Rector and Dunlap, which was made to reimburse them for fees and expenses in prosecuting the appeal to this court from the ruling of the federal district court in Colorado to obtain a reversal of the order which had vacated the judgment for other fees in favor of the defendant Kansas firm.

This appeal followed. While the appellants, Rector and Dunlap, do not contest the amount of the fees and costs awarded against them by the district court in Kansas and did not below, III R. at 10, they

---

1.  28 U.S.C. § 1927 provides:
    Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

vigorously challenge the authority of the Kansas federal district court to reopen the earlier Kansas case and make the award of fees and costs for the appeal in the Colorado litigation.

## II

Among other things the appellants, Rector and Dunlap, maintain that the Kansas federal district court erred in reopening the earlier legal malpractice case, decided there, to award attorney's fees and costs arising from the appeal of the ruling of the Colorado federal district court. They contend that the defendant Kansas attorneys could and should have requested this court to award them the attorney's fees and costs incurred in that appeal, pursuant to 28 U.S.C. § 1927. The appellants say that this court was the one which had the authority to determine any right to fees and costs connected with that appeal. On the other hand, the defendant Kansas attorneys assert that the award of fees and costs to them by the district court in Kansas was proper under 28 U.S.C. § 1927 and the "inherent equitable power" of the Kansas federal district court to assess attorney's fees for the conduct of litigation in bad faith. The defendant Kansas attorneys also point out that no argument was made in the Kansas district court that it lacked jurisdiction to consider the fee application.

■ The record does support the defendant Kansas attorneys' position that Rector and Dunlap did not in their response or oral argument challenge below the Kansas federal district court's jurisdiction to consider the application for fees and costs. We view the issue raised, however, as going to subject matter jurisdiction. It "sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court." *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974).

■ Turning to the further arguments of the defendant Kansas attorneys, we note at the outset that the American rule is that the prevailing litigant is not entitled to collect a reasonable attorney's fee from the loser, absent a statute or an enforceable contract provision therefor, or an established exception like that where the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 257–259, 95 S.Ct. 1612, 1616, 1621–1622, 44 L.Ed.2d 141 (1975). Under that exception to the American Rule, it is "unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' ... In this class of cases, the underlying rationale of 'fee shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant." *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (citations omitted). Similarly, under the statutory provision in 28 U.S.C. § 1927, any attorney or other person admitted to conduct cases "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The defendant Kansas attorneys assert that the Kansas federal district court's inherent and statutory powers included awarding such relief with respect to the appeal they took from the ruling of the Colorado federal district court. However, cases cited by the defendant Kansas attorneys mainly concern questions about the propriety and timeliness of motions for a district court's award of attorney's fees incurred in that district court, not in another district court nor in an appeal from another district court. *E.g., White v. New Hampshire*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159 (10th Cir.1985); *Gordon v. Heimann*, 715 F.2d 531 (11th Cir.1983); *McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir.1983); *Cox v. Flood*, 683 F.2d 330 (10th Cir.1982); *Obin v. District No. 9 of International Associa-*

*tion, etc.,* 651 F.2d 574 (8th Cir.1981).[2]

We are persuaded that the position of the appellants, Rector and Dunlap, is sound in challenging the power of the Kansas district court to assess the fees and costs in question here against them. Despite the reasoning of the Kansas federal district court that the attorney's fees and costs in the subsequent appeal to this court from the Colorado district court were causally related to the earlier conduct in the Kansas district court, neither § 1927 nor the exception based on the inherent equitable power of the court where bad faith and vexatious conduct are involved contemplate recovery of such appellate costs and attorney's fees later by the reopening of an earlier suit in another jurisdiction. We are instead satisfied that the Kansas district court's authority to award attorney's fees under 28 U.S.C. § 1927 and its inherent powers did not extend to awarding appellate attorney's fees connected with the earlier appeal from the district court in Colorado. *See Glatzer v. Montmartco, Inc. (In re Emergency Beacon Corp.),* 790 F.2d 285, 288 (2d Cir. 1986); *Sierra Club v. United States Army Corps of Engineers,* 776 F.2d 383, 392 (2d Cir.1985); *contra United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir.1983); *Shimman v. International Union of Operating Engineer,* 719 F.2d at 881. We cannot agree that under § 1927 or its inherent power to assess fees for bad faith and vexatious conduct, the federal district court in Kansas could assess fees for conduct on appeal in the Colorado litigation.

■ As noted, the fees and costs awarded to the defendant Kansas attorneys are unusual in that they were incurred by the Kansas attorneys as appellants, apparently on the theory that the position of Rector and Dunlap on the Rule 60(b) motion in the Colorado federal district court was frivolous, although it prevailed, necessitating the appeal by the defendant Kansas attorneys.[3] Their theory is that due to that conduct in Colorado, and the bad faith of Rector and Dunlap throughout the litigation in Kansas and Colorado, they are entitled to the fees and costs incurred during the appeal to this court from the Colorado district court's Rule 60(b) ruling. Despite these arguments, and the reasoning of the district court in Kansas on the causal relationship during the whole controversy, *see* Part I *supra,* the fees and costs awarded were those incurred during conduct of the appeal to this court. The rule applied by the Second Circuit in the *Glatzer v. Montmartco, Inc.* and *Sierra Club* cases is sound, although we deal with the conduct of the appellees. That basic rule is that the determination of the right to sanctions against counsel for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs. 790 F.2d

**2.** The defendant Kansas attorneys also cite *Indian Head National Bank of Nashua v. Brunelle,* 689 F.2d 245 (1st Cir.1982), which discusses the general rule that a registration court, like the Colorado federal district court here, usually defers on Rule 60(b) motions to the court rendering the judgment, such as the Kansas district court. *Id.* at 249. However, the opinion held that there were exceptions where there is an allegation that the judgment is void for lack of personal jurisdiction or that grounds exist for an independent action for relief from a judgment. *Id.* at 251–52. Here, an averment of lack of personal jurisdiction was made before the Colorado federal district court and this was the basis for that court's proceeding to vacate the registered judgment. *See* 573 F.Supp. at 345; 759 F.2d at 811.

The defendant Kansas attorneys also rely on *Shimman v. International Union of Operating Engineers,* 719 F.2d 879 (6th Cir.1983), *panel opinion reversed on other grounds,* 744 F.2d

1226, 1238 (6th Cir.1984). The panel opinion held that the district court had authority to award fees for services on an earlier appeal under the bad faith exception; the en banc opinion held there were no grounds for the award, without discussing the trial court's power to award appellate fees. In any event, we are not persuaded to follow the result of the panel opinion.

**3.** The defendant Kansas attorneys argued, in part, as follows before the Kansas federal district court:

[A]lthough Judge Kane did rule in their favor at the trial level, the fact of the matter is that the Circuit Court took no time at all, once they heard the case, in reversing that decision on a very, very simple proposition, which I have already stated, and therefore, we believe that in fairness and in equity we should be granted our fees and expenses on the appeal also.

III R. at 8.

at 288. We are convinced that this is the proper interpretation of § 1927 and the proper rule for consideration of fee applications seeking sanctions against attorneys for bad faith and vexatious conduct under the inherent equitable power of the court: the determination of the right to such sanctions against attorneys for conduct on appeal is not within the authority of the district courts and is reserved to the court in which the appellate conduct occurred.

Accordingly, the award of fees and costs made in the district court of Kansas must be REVERSED.