**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CHARLES FARNSWORTH,

      Plaintiff-Appellant,

v.

AARON KENNARD, Salt Lake County
Sheriff; SALT LAKE METRO JAIL;
SALT LAKE COUNTY; DAVID GLAD,
Captain, Salt Lake County Metro Jail,

      Defendants-Appellees.

No. 05-4063
(D.C. No. 2:94-CV-64-PGC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Judge, **McWILLIAMS**, Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

_____

Pursuant to 42 U.S.C. § 1983, Charles Farnsworth, on January 21, 1994, filed a

*pro se* complaint in the United States District Court for the District of Utah, naming as

defendants Salt Lake County Sheriff, Aaron Kennard, and the Salt Lake Metro Jail.

Farnsworth at the time was a pre-trial inmate in the Salt Lake Metro Jail. The gist of the

complaint was that the defendants, acting pursuant to then existing jail policy, denied him

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

the right to purchase and have sent to him in jail "newspapers, religious writings, law books, newspapers, books of any kind, or magazines."

On April 5, 1995, Farnsworth, individually and on behalf of classes of similarly situated individuals, filed an amended complaint naming as additional defendants Salt Lake County and Captain David Glad, Captain at the Salt Lake County Metro Jail. Farnsworth was at that time represented by attorneys from the Utah Legal Clinic. The gist of the amended complaint was the same as that of Farnsworth's *pro se* complaint, i.e., the defendants, pursuant to long established jail policy, had unconstitutionally deprived him of his right to subscribe to, and receive in jail, newspapers, magazines, pamphlets, and the like.

The district court referred this case to a magistrate judge, who, after hearing, rendered a report with recommendations to the district court. In line with the magistrate's report, the district court, on March 29, 2004, dismissed Farnsworth's complaint, except as to his claim that his right to "newspapers" had been violated by the defendants. On June 2, 2004, the court entered judgment on that one claim against Salt Lake County for $1.00.[1]

On June 21, 2004, Farnsworth, through his counsel, filed a motion to set attorney fees and costs, requesting the district court to set the attorney's fees at $54,626.25 and

---

[1]Farnsworth had requested damages in the amount of $191.00, which sum represented $1.00 per day, after the first ten days he had been incarcerated in the Salt Lake Metro jail, during which the unconstitutional total ban of inmates' receipt of newspapers and magazines was in effect.

costs at $501.03. On February 28, 2005, following Salt Lake County's objection to the amount of attorney's fees and costs sought, the district court awarded Farnsworth attorney fees and costs in the amount of $28,374.89, which was roughly one-half of the amount of attorney fees and costs requested. On March 16, 2005, Farnsworth filed a *pro se* notice of appeal.

I.

As stated, on June 2, 2004, the district court entered judgment in favor of Farnsworth for nominal damages in the sum of $1.00. Fed. R. App. P. 4(a)(1)(A) provides that in a civil case a notice of appeal must be filed with the district court within 30 days after the judgment or order appealed from is entered. Farnsworth did not file any notice of appeal within 30 days. The taking of an appeal within the prescribed time is both "mandatory and jurisdictional." *Budinich v. Becton Dickinson & CO,* 486 US. 196, 203 (1988).

On February 28, 2005, the district court entered an order awarding Farnsworth attorney fees and costs in the amount of $28,374.89. On March 16, 2005, 18 days after the district court entered its order awarding attorney fees and costs, the defendant did file a *pro se* notice of appeal ["to the 9th Circuit"!] of the district court's order granting him nominal damages. That notice of appeal of the district court's judgment of nominal damages in the amount of $1.00 was untimely and did not comply with Fed. R. App. P. 4(a)(1)(A). Accordingly, this court is without jurisdiction to review the propriety of the district court's fixing Farnsworth's nominal damages at $1.00. In support thereof, see

*Budinich v. Becton Dickinson & CO,* 807 Fd.2d 155, 157 (10th Cir. 1986), where we held that "an appeal on the merits must be filed within the requisite time period [30 days] following entry of final judgment thereon, notwithstanding that a motion for attorney's fees may be pending." On *certiorari*, the Supreme Court in *Budinich v. Becton Dickinson & CO,* 486 U.S. 196, 202-203 (1988) affirmed our judgment, stating that "a decision on the merits is a final decision for the purposes of §1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."

## II.

As stated, the district court, on February 28, 2005, awarded Farnsworth attorney fees and costs in a total amount of $28,374.89. As indicated above, thereafter Farnsworth filed a *pro se* notice of appeal on March 16, 2005, purporting to appeal the district court's judgment in his favor for $1.00 as nominal damages. However, as we read his handwritten notice of appeal, no mention is made therein of the district court's award of attorney's fees and costs, and, on the contrary, Farnsworth only sought to appeal the district court's judgment for nominal damages of $1.00 entered on June 2, 2004. The present record indicates that Farnsworth has never filed a notice of appeal from the district court's award of attorney fees and costs. Thus, we are without jurisdiction to consider Farnsworth's claim that he should have been allowed additional costs in the amount of $200.00. The taking of an appeal within the prescribed time is both "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 US 196, 203 (1988). In support of the foregoing, *see Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431 (10th Cir. 1990),

where we stated:

> Our appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal. Plaintiff clearly intended to appeal only a portion of the trial court's order respecting damages and fees, and our jurisdiction does not extend to other matters of the judgment that plaintiff may now wish to appeal. (Citations omitted.)

Appeal dismissed.

ENTERED FOR THE COURT,


Robert H. McWilliams
Senior Circuit Judge