Christopher MANION, Plaintiff,

v.

**AMERICAN AIRLINES,
INC., Defendant.**

No. Civ.A. 96–2094.

United States District Court,
District of Columbia.

Aug. 1, 2002.

Randell Charles Ogg, Bode & Grenier, L.L.P., Washington, DC, for Plaintiff.

Roy Walter Krieger, Paleos & Krieger, Alexandria, VA, for Defendant.

**MEMORANDUM ORDER**

DEBORAH A. ROBINSON, United States Magistrate Judge.

After the jury returned its verdict in favor of defendant on April 11, 2002, counsel for plaintiff orally moved for a mistrial on the ground of the alleged misconduct of defendant's counsel during the course of his closing argument.[1] The undersigned heard the preliminary arguments of counsel on April 11 and the morning of April 12, 2002, and the more detailed arguments of counsel at a hearing on April 18, 2002 scheduled for that purpose. Plaintiff filed memoranda in support of his oral motion for mistrial in accordance with the undersigned's scheduling orders. *See* Plaintiff's Legal Memorandum Regarding Motion for New Trial and Other Sanctions (Docket No. 115); Plaintiff's Supplemental Memorandum Regarding the Motion for New

---

**1.** At the end of defendant's closing argument, counsel for plaintiff requested curative in-structions and reserved his right to move for a mistrial.

Trial and Other Sanctions (Docket No. 118). Defendant filed memoranda in opposition to plaintiff's motion for mistrial in accordance with the undersigned's scheduling orders. *See* Defendant's Opposition to Plaintiff's Motion for Mistrial (Docket No. 109); Defendant's Supplemental Opposition to Plaintiff's Motion for Mistrial (Docket No. 116). Additionally, defendant moved to amend the Order denying Defendant's Motion for Judgment on the Pleadings to certify the issue as a "controlling question of law" pursuant to 28 U.S.C. § 1292(b) (Docket No. 110).[2] Plaintiff filed an opposition to defendant's motion, *see* Plaintiff's Opposition to Motion to Certify Pursuant to 28 U.S.C. § 1292, and defendant filed a Reply to plaintiff's opposition. *See* Defendant's Reply in Support of its Motion to Certify Pursuant to 28 U.S.C. § 1292 (Docket No. 119).

Upon consideration of plaintiff's motion for mistrial; defendant's motion to certify pursuant to 28 U.S.C. § 1292; the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned, for the reasons offered by plaintiff, will grant plaintiff's motion and deny defendant's motion.

## DISCUSSION

*Motion for Mistrial*

■ During the course of defendant's examination of plaintiff, the undersigned, after consideration of the arguments of both counsel, precluded defendant from eliciting testimony with respect to plaintiff's motivation in bringing this action. Specifically, the undersigned ruled from the bench that "[plaintiff's] motivation for filing the lawsuit is irrelevant." Excerpt of Transcript of Trial, April 11, 2002 ("Tr.") at p. 9, lines 17–18. Additionally, the undersigned precluded defendant from eliciting testimony regarding the passage

of 15 months from the occurrence at issue in this action and the filing of the complaint. Tr. at p. 5, lines 16–21; p. 11, lines 1–3, 19–20. During the same discussion, the undersigned further ruled that

> I know we haven't [reached] the point at which we will address any concerns regarding closing arguments, but while I'm thinking about it, perhaps this is an appropriate time to say that *I would not expect argument that Mr. Manion waited 15 months to the file a lawsuit[.]*

Tr. at p. 9, lines 4–9 (emphasis supplied). Moreover, the undersigned determined that there was no factual basis in support of any argument that plaintiff "waited" for 15 months, since during that period he engaged counsel, and counsel conducted a pre-suit investigation. Tr. at p. 9, lines 9–15. Finally, the undersigned ruled that the affirmative defense of laches was never pled, and therefore was not available. Tr. at p. 12, lines 15–18; p. 13, line 23–p. 14, line 3.

Notwithstanding the undersigned's unequivocal rulings, defendant's counsel, within seconds of beginning his closing argument, made the first of several references to the testimony and the affirmative defense the court had excluded:

> We are at the mercy of them to bring a timely claim.
>
> \*    \*    \*    \*    \*    \*
>
> You know he waited for 15 months. Did he give you any explanation at all why? No, not a word.
>
> \*    \*    \*    \*    \*    \*
>
> I suggest to you that if you're hurt, you're going to do something about it

2. Defendant's Motion for Judgment on the Pleadings was denied by an Order entered on

April 5, 2002 (Docket No. 104). Trial commenced on April 8, 2002.

right away. You're not going to wait 15 months.

Tr. at p. 29, lines 3–4, 14–15, 16–18.

Later, defendant's counsel argued that he was unable to offer as evidence the engine logs for plaintiff's flight because

> [u]nfortunately we don't have it, and I submit to you the reasons we don't have it is because Mr. Manion did nothing for 15 months. Ask yourselves what was he doing for 15 months? Was his lawyer sitting there waiting for the clock to run?

Tr. at p. 34, lines 15–19.

Defendant's counsel made other remarks not only violative of the court's orders, but also disparaging of the motives of plaintiff and his counsel:

> What is to tell us that they didn't wait knowing those records would be gone in a year and we would not have the records necessary to defend the claim? Think about that, please think about that.
>
> \*  \*  \*  \*  \*  \*
>
> They could easily have just sandbagged us by not bringing the claim in a timely fashion.
>
> \*  \*  \*  \*  \*  \*
>
> He never said a word to American Airlines, never complained because he knew if he complained that would trigger a hold on those records, and they

would be available here for you today to see.

Tr. at p. 29, lines 8–12, 12–14, 18–22.

Defendant's counsel even verbalized his frustration with the ruling precluding the laches defense:

> And boy, I wish we had those records because he has gone on and on about them, and I tell you, sometimes it is really outraging to listen to.

Tr. at p. 29, lines 22–24.

The undersigned made contemporaneous findings on the record regarding the willfulness of defendant's counsel. *See* Tr. at p. 39, line 24–p. 41, line 13; p. 42, lines 6–11; p. 42, line 19–p. 44, line 5; p. 45, lines 8–15. Upon consideration of plaintiff's motion for mistrial, the undersigned again finds that defendant's counsel willfully flouted the court's evidentiary rulings and decision regarding the unavailability of the latches defenses.[3] Rather than a single "concededly improper as extraneous" remark regarding defendant's counsel's own tinitus, *see* Defendant's Opposition to Plaintiff's Motion for Mistrial at 6, defendant's counsel's objectionable remarks—in both his choice of words and manner of delivery—so pervaded his closing argument that the court might reasonably infer that causing a mistrial was his purpose.[4] *See McWhorter v. City of Birmingham,* 906 F.2d 674, 677 (11th Cir.1990) (counsel's closing argument "was in direct violation of the district court's ruling and was thus highly improper"); *Brown v. Royalty,* 535

---

3. Defendant's counsel articulated his defiance immediately after his argument in his insistence that

> [w]ell, even though your Honor had ruled that the defense of laches is not in this case, I still think that the defendant has a right to attempt to counter the repeated arguments and inferences and suggestions by Mr. Ogg that the records that we don't have are somehow our fault, that we are … withholding them, that we have destroyed them,

and that the jury should draw some negative inference from that.
Tr. at p. 48, lines 5–12.

4. Defendant's references in his opposition to the motion for mistrial to plaintiff's "several advantages before the jury[,]" *see* Defendant's Opposition to Plaintiff's Motion for Mistrial at 8, further bespeaks defendant's counsel's determination to unilaterally level the playing field by revisiting the rulings with which he disagreed.

F.2d 1024, 1028 (8th Cir.1976) (repeated and deliberate references to evidence the court has excluded is grounds for a new trial).[5] For the same reasons, the undersigned finds that defendant's counsel acted in bad faith, and accordingly, plaintiff will be awarded his costs, including reasonable attorney's fees, of the trial.[6]

*Motion to Certify Pursuant to 28 U.S.C. § 1292(b)*

■ The undersigned observes that defendant cites no authority in support of its motion to certify pursuant to 28 U.S.C. § 1292. *See* Defendant's Motion to Certify as a Controlling Question of Law the Denial of Defendant's Motion for Judgment on the Pleadings at 10–11; *see* Plaintiff's Opposition to Motion to Certify Pursuant to 28 U.S.C. § 1292 at 1–2. Nor does defendant address the basis upon which the court could have determined that the order denying defendant's motion for judgment on the pleadings, where the trial was scheduled to commence three days later,

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]

28 U.S.C. § 1292(b);[7] *see German v. Federal Home Loan Mortgage Corp.*, No. 93 CIV. 6941, 2000 WL 1006521, at *1 (S.D.N.Y. July 19, 2000) (citations omitted) ("only 'exceptional circumstances[ ] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' "). Defendant's filing of the motion as part of its opposition to plaintiff's motion for mistrial suggests that even defendant views it as no more than an effort to avoid a second trial. *See* Plaintiff's Opposition to Motion to Certify Pursuant to 28 U.S.C. § 1292 at 2.

## CONCLUSION

For the foregoing reasons, it is, this _____ day of August, 2002,

**ORDERED** that plaintiff's motion for mistrial is **GRANTED;** and it is

**FURTHER ORDERED** in accordance with 28 U.S.C § 1927, that plaintiff is awarded his costs, including reasonable attorney's fees, of the trial, and that costs shall be paid within 30 days of the date of this Order; and it is

**FURTHER ORDERED** that Defendant's Motion to Certify as a Controlling Question of Law the Denial of Defendant's Motion for Judgment on the Pleadings (Docket No. 110) is .**DENIED;** and it is

**FURTHER ORDERED** that counsel shall meet and confer regarding a date for a new trial, and shall jointly contact the chambers of the undersigned no later than August 12, 2002 to propose dates.

---

**5.** Indeed, defendant does not dispute the proposition for which plaintiff cites these and other authorities, and instead, suggests only that the grant of a mistrial for statements made in closing argument "is a rarity[.]" Defendant's Supplemental Opposition to Plaintiff's Motion for Mistrial at 1.

**6.** Defendant, in his supplemental opposition, makes no mention whatsoever of plaintiff's request for costs pursuant to 28 U.S.C. § 1927.

**7.** *See* n. 2, *supra.*