# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 8, 2004    Decided December 28, 2004

No. 03-7165

CHRISTOPHER MANION,
APPELLEE

v.

AMERICAN AIRLINES, INC.,
APPELLEE

ROY W. KRIEGER,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 96cv02094)

———

*Carol E. Bruce* argued the cause for appellant. With her on the briefs was *Neal Goldfarb.*

*Randell C. Ogg* argued the cause and filed the brief for appellee Christopher Manion.

Before: EDWARDS, ROGERS, and ROBERTS, *Circuit Judges.*

Opinion for the Court filed by *Circuit Judge* EDWARDS.

EDWARDS, *Circuit Judge*: Appellant Roy W. Krieger represented American Airlines, Inc. ("American Airlines") in a jury trial on a tort claim brought by Appellee Christopher Manion. Krieger was sanctioned by the District Court for making statements during his closing argument that defied specific orders of the court. Krieger concedes that his conduct was sanctionable, but contests the amount of the sanctions awarded against him. Appellant submits that the sanction, ordered pursuant to 28 U.S.C. § 1927 (2000), includes components that are not compensable under the statute. Krieger principally contends that the District Court had no authority under § 1927 to award sanctions for matters that arose before the sanctionable conduct. He also challenges three other elements of the award. In defending the sanction, Manion argues that the District Court intended to rely on its inherent authority in addition to § 1927.

We find that the sanctions award was expressly ordered pursuant to § 1927, not the court's inherent authority. However, we do not reach Krieger's principal contention that matters arising prior to the sanctionable misconduct are not compensable under § 1927, because it was not properly raised below. Krieger did preserve three questions that warrant our attention: whether the § 1927 sanction appropriately included compensation relating to (1) Manion's time attending trial proceedings, (2) Krieger's interlocutory appeal, and (3) Manion's motion for sanctions before the District Court. We hold that litigation costs pertaining to Manion's time in court and the interlocutory appeal are not compensable under § 1927. The litigation costs relating to Manion's motion for sanctions arose in conjunction with his defense to Krieger's opposition to a motion for new trial, which is compensable. Because the costs relating to those two litigation items cannot be disaggregated, we affirm the judgment against Krieger on this point.

## I. BACKGROUND

Manion sued American Airlines in tort alleging that he developed tinnitus because of excessive engine noise while taking an American Airlines flight from Chicago to Boston. Krieger served as counsel for American Airlines during the jury trial. It is not disputed that Krieger engaged in serious and sanctionable misconduct at closing argument. Manion objected to Krieger's argument and reserved the right to move for a mistrial. *See* Trial Tr. of 4/11/02 at 151, *reprinted in* Appellant's Appendix ("App.") 67. The jury returned a verdict for American Airlines, *see* Trial Tr. of 4/12/02 at 3-5, *reprinted in* App. 75-77, and Manion immediately moved for a mistrial. In the course of defending his motion for a new trial, Manion also argued for costs associated with the need for a new trial. *See* Trial Tr. of 4/12/02 at 7, App. 79. In a memorandum of law supporting his motion, Manion posited that Krieger's improper and prejudicial closing argument was grounds for a new trial and submitted that the court had authority under its inherent power and under § 1927 to award costs, including attorney's fees. *See* Pl.'s Legal Mem. Regarding Mot. for New Trial and Other Sanctions, 4/19/02, *reprinted in* App. 87-90. The District Court granted Manion's motion for a mistrial on August 1, 2002, and further ordered "in accordance with 28 U.S.C. § 1927, that plaintiff is awarded his costs, including reasonable attorney's fees, of the trial." *Manion v. Am. Airlines, Inc.*, 215 F. Supp. 2d 90, 93 (D.D.C. 2002). In awarding Manion's costs, including reasonable attorney's fees, the court noted that "Defendant, in his supplemental opposition, makes no mention whatsoever of plaintiff's request for costs pursuant to 28 U.S.C. § 1927." *Id.* at 93 n.6.

On September 13, 2002, Manion filed a submission of fees, which included $41,375.00 for "Attorney Time," $3,656.85 for "Trial Expenses," and $2,600.00 for "Client Time." *See* Pl.'s Submission of Fees, 9/13/02, *reprinted in* App. 119-23.

American Airlines petitioned for mandamus and noted an appeal in this court of the § 1927 sanction; Manion moved to dismiss the appeal and for sanctions for filing a frivolous appeal. We denied the petition for mandamus and dismissed the appeal because the challenged order did not conclusively determine the sanctions award as no amount had been set. We also denied the motion for sanctions. *See In re Am. Airlines, Inc*., No. 02-5340, Order (D.C. Cir. Dec. 12, 2002) (denying petition for mandamus); *Manion v. Am. Airlines, Inc.*, No. 02-7110, Order, 2002 WL 31818922 (D.C. Cir. Dec. 12, 2002) (dismissing interlocutory appeal and denying motion for sanctions).

On December 19, 2002, Manion moved to liquidate, or set, the award of sanctions in the amount of $53,983.99, in accordance with the order of August 1, 2002. This amount included the initial submission of fees, as well as additional fees and expenses incurred in defending against American Airlines' attempt to vacate and appeal the August order. The additional litigation costs totaled $6,347.14, of which $3,217.50 pertained to defending against the interlocutory appeal and petition for mandamus. *See* Mot. to Liquidate Award of 8/1/02, 12/19/02, *reprinted in* App. 135-37. In an order filed September 29, 2003, the District Court ordered "for the reasons offered by Plaintiff, that Plaintiff's Motion to Liquidate Award of August 1, 2002 is GRANTED, and that Defendant and its counsel shall pay to Plaintiff the sum of $53,983.99, in accordance with the Court's August 1, 2002 Order . . . ." *Manion v. Am. Airlines, Inc.*, No. 96-2094, Order (D.D.C. Sept. 29, 2003), *reprinted in* App. 169. Manion has since settled his dispute with American Airlines. On this appeal, Krieger concedes that his conduct was sanctionable, but challenges the amount of the sanctions awarded against him.

## II. ANALYSIS

### A. *Jurisdiction*

As a preliminary matter, Manion submits that this court lacks jurisdiction over Krieger's appeal, because Krieger had filed a "petition to appeal" the sanctions award under Rule 5 of the Federal Rules of Appellate Procedure, rather than a "notice of appeal" pursuant to Rules 3 and 4. *See* Appellee's Br. 1-2. The argument is without merit. Krieger's filing was not a model of clarity, but it was sufficient to satisfy the requirements of Rule 3. *See, e.g., Interstate Natural Gas Ass'n of Am. v. FERC*, 756 F.2d 166, 170 (D.C. Cir. 1985) (per curiam) ("Federal appellate courts have broadly recognized that the filing of a paper substantially equivalent to one that formally inaugurates the normal review process may well suffice for that purpose.").

Rule 3 requires that a notice of appeal:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ;

(B) designate the judgment, order, or part thereof being appealed; and

(C) name the court to which the appeal is taken.

FED. R. APP. P. 3(c)(1). In his mislabeled filing, Krieger provided the requisite data to comply substantively with Rule 3. His "petition to appeal" began:

NOW COMES Petitioner, Roy W. Krieger . . . and hereby petitions to appeal to the United States Court of Appeals for the District of Columbia Circuit the final judgment entered in *Manion v. American Airlines, Inc.* . . . on September 29, 2003 awarding sanctions against him under 28 U.S.C. § 1927, and all prior related rulings.

Pet. to Appeal, 10/28/03, *reprinted in* Appellant's Supplemental App. 1. We are satisfied that our jurisdiction is properly invoked.

**B.** *District Court's Sanctioning Authority*

The District Court's order granting sanctions expressly relied only on 28 U.S.C. § 1927. Manion contends, however, that we should review the sanctions award as an exercise of the District Court's inherent authority. *See* Appellee's Br. 14-15. We decline the invitation, because the District Court did not purport to rely on its inherent authority. Instead, it specifically granted the sanctions award under § 1927. The court's passing reference to the "reasons offered by Plaintiff" in the subsequent order liquidating the award of sanctions, *Manion v. Am. Airlines, Inc.*, No. 96-2094, Order (D.D.C. Sept. 29, 2003), App. 169, does not indicate that the District Court intended to rely on a different sanctioning authority than that pursuant to which the sanction was expressly granted. We therefore conclude that the sanctions award was ordered solely pursuant to 28 U.S.C. § 1927. *See GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1320 (9th Cir. 1994) (holding that a sanction cannot be affirmed under the district court's inherent authority where the court relied on § 1927); *cf. Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) ("[W]ith respect to a matter committed to the district court's discretion, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule otherwise.") (internal quotation marks omitted).

The parties make a number of arguments on whether and how the District Court can invoke its inherent authority, but we do not address these issues. The District Court was explicit in this case regarding its sanctioning authority, and Manion did not object below that the court should have invoked its inherent power.

### C. *Compensable Litigation Costs Under 28 U.S.C. § 1927*

Krieger argues that certain amounts and particular elements of the sanctions award exceed the scope of permissible sanctions under § 1927. We now turn to those issues.

Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. We review the trial court's calculation of sanctions for abuse of discretion. *See LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 904 (D.C. Cir. 1998) ("This court reviews a district court's decision to award attorneys' fees under 28 U.S.C. § 1927, and the way it chooses to set the award, only for abuse of discretion.").

Krieger contests specific amounts awarded by the District Court for certain litigation costs, *e.g.*, expert witness fees. *See* Appellant's Br. 27. Upon careful review of the record, we discern no legal or factual errors, and nothing even approaching an abuse of discretion, in the District Court's findings in support of the amounts awarded. Therefore, save for the two categories of costs discussed below, we affirm the amounts awarded against Krieger. Krieger primarily contends that § 1927 does not authorize sanctions for matters that arose before the sanctionable conduct. *See* Appellant's Br. 12-13. We decline to consider this argument, however, because it was not presented to the District Court. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). We consistently have refused to "hold a trial court to be in error in failing to decide an issue not put before it in a civil action."

*Stouper v. Jones*, 284 F.2d 240, 243 (D.C. Cir. 1960). Krieger did raise three other points, however, that warrant our attention.

First, Krieger submits that § 1927 does not authorize compensation for Manion's time in attending court proceedings. *See* Appellant's Br. 13-17. Manion makes a futile attempt to argue that this issue was not raised below. Before the trial court, in his opposition to plaintiff's motion to liquidate the sanctions award, Krieger argued that

> Plaintiff's claim for "Client Time" in the amount of $65.00 per hour for 40 hours is non-recoverable. Not only does Plaintiff provide no evidence that he would have earned this amount absent his attendance at trial, as a matter of law he is entitled to no compensation for attendance at trial . . . .

Def.'s Opp'n to Pl.'s Mot. to Liquidate Award of 8/1/02, 1/2/03 ("Def.'s Opp'n"), *reprinted in* App. 159. The issue clearly was preserved.

Manion appears wisely to concede that his time in attending court proceedings does not constitute "attorney's fees" or "costs" under § 1927. *See* Appellee's Br. 32-33 & n.52. He submits, however, that his lost income comprises an "expense" under the statute. *See id*. at 33. The argument is without merit. In an analogous situation, we held that a *pro se* litigant's time as an attorney or an expert witness in his own case did not constitute "fees and other expenses" under the governing fee-shifting statute for Equal Access to Justice Act awards. *Kooritzky v. Herman*, 178 F.3d 1315, 1317-23 (D.C. Cir. 1999) (internal quotation marks omitted). We noted that "it would seem a strange incentive to provide witness fees not for the purpose of reimbursing a litigant for his out-of-pocket costs, but as salary for time spent as a witness in his own litigation." *Id*. at 1322. It would be stranger still to provide the plaintiff with a salary for his entire time at trial.

The Federal Circuit recently construed language similar to § 1927 and held that a *pro se* litigant's time working on discovery did not constitute "'expenses incurred'" under Rule 37 of the Federal Rules of Civil Procedure. *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1374-75 (Fed. Cir. 2002) (quoting FED. R. CIV. P. 37(a)(4)(A) as providing for "reasonable expenses incurred in making the motion [for order compelling disclosure or discovery], including attorney's fees"). The court found the term "incurred" controlling. *See id.* We agree with our colleagues on the Federal Circuit that "one cannot 'incur' fees payable to oneself, fees that one is not obliged to pay," *id.*, as the term means "become liable or subject to[;] bring down upon oneself." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1146 (1993); *see also* BLACK'S LAW DICTIONARY 771 (7th ed. 1999) (defining "incur" as "[t]o suffer or bring on oneself (a liability or expense)"). Nor can one's time constitute a "payable 'expense,' as there is no direct financial cost or charge associated with the expenditure of one's own time." *Pickholtz*, 284 F.3d at 1375. We therefore conclude that the plain language of the statute forecloses compensation for Manion's time in attending court proceedings.

Krieger also contends that § 1927 does not permit compensation for litigation costs relating to his interlocutory appeal. *See* Appellant's Br. 23-25. Krieger relies on *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), which held that Rule 11 of the Federal Rules of Civil Procedure "does not authorize a district court to award attorney's fees incurred on appeal." *Id.* at 409. Although *Cooter & Gell* does not control this case, much of its rationale applies with equal force in the § 1927 context. *Cooter & Gell* emphasized that "expenses incurred in defending the award on appeal are directly caused by the district court's sanction and the appeal of that sanction," not the sanctionable conduct. *Id.* at 407. Undergirding *Cooter & Gell*, moreover, is a concern that the district court oversteps its bounds when it sanctions conduct before the appellate court that

the appellate court itself has the authority to sanction under the appellate rules. *See id.* at 407-09. This court denied Manion's motion for sanctions, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, for the interlocutory appeal of the sanctions award. *See Manion v. Am. Airlines, Inc.*, No. 02-7110, Order, 2002 WL 31818922 (D.C. Cir. Dec. 12, 2002). This is the end of the matter.

"The knowledge that, after an unsuccessful appeal of a . . . sanction, the district court that originally imposed the sanction would also decide whether the appellant should pay his opponent's attorney's fee would be likely to chill all but the bravest litigants from taking an appeal." *Cooter & Gell*, 496 U.S. at 408. We therefore join several of our sister circuits in holding that a district court may not award the cost of interlocutory appellate proceedings as part of a sanctions award under § 1927. *See, e.g., Morris v. Peterson*, 871 F.2d 948, 951 (10th Cir. 1989) ("[T]he determination of the right to sanctions . . . for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs."); *cf. Conner v. Travis County*, 209 F.3d 794, 798-802 (5th Cir. 2000) (district court erred in imposing sanctions for filing interlocutory appeal). *But see United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (finding that the district court had the authority to sanction counsel for filing a frivolous appeal).

Finally, Krieger contends that § 1927 does not authorize compensation for litigation costs pertaining to Manion's motion for sanctions before the District Court. *See* Appellant's Br. 21-23. Manion again counters that this argument was not raised below. Krieger had argued before the District Court that compensation for litigation costs incurred following the order granting sanctions was not sanctionable absent an independent finding of sanctionable conduct. *See* Def.'s Opp'n, App. 157. The argument embraces his point on costs regarding the motion

for sanctions. Although we conclude that the argument was preserved, we are not persuaded that it has merit in this case.

The disputed costs arose in the context of Manion's defense to Krieger's opposition to the motion for a mistrial. As Krieger concedes, a new trial is not a sanction. *See* FED. R. CIV. P. 59(a) (new trials); Appellant's Reply Br. 7. It would be a closer question if the disputed expenses were related to time spent in a separate proceeding devoted solely to Manion's defense to Krieger's opposition to sanctions. We need not decide that question, however, because the expenses here arose in connection with Manion's simultaneous defense of the motion for a new trial. It would be an idle gesture to attempt to separate time related to defending the motion for a new trial and defending against the opposition to sanctions in the trial court. We therefore affirm the portion of the sanctions award that compensates Manion for these costs.

In sum, we affirm the sanctions award, with the exception of the components pertaining to Manion's time ($2,600.00) and proceedings before this court ($3,217.50). We vacate the award with respect to these two components.

### III. CONCLUSION

Consistent with this opinion, the District Court's sanctions award is hereby affirmed in part and reversed in part. The case will be remanded to the District Court so that it can adjust the sanctions award as required by this decision.

*So ordered.*