JERRY DIXON AND PATRICIA A. DIXON, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Dixon v. Comm'r
Docket Nos. 9382-83, 17646-83, 15907-84, 40159-84, 22783-85, 30979-85, 29643-86, 19464-92, 621-94, 9532-94
United States Tax Court
2005 Tax Ct. Memo LEXIS 302; September 8, 2005, Filed Dixon v. Commissioner, 2005 U.S. Tax Ct. LEXIS 13, T.C. Memo 89-1415 (T.C., 2005)
*302 Beghe, Renato Renato Beghe
ORDER
On March 30, 1999, the Court issued its Supplemental Memorandum Findings of Fact and Opinion, Dixon v. Commissioner, T.C. Memo 1999-101 (Dixon III), and entered decisions in Docket Nos. 9382-83, 15907-84, 40159-84, 30979-85, 29643-86, and 22783-85 (the test cases). In Dixon III, we held that the misconduct of the Government attorneys in the trial of the test cases did not constitute a structural defect in the trial but rather resulted in harmless error. We did, however, impose sanctions against respondent in the form of interest reductions.
On June 24, 1999, petitioners in the captioned cases moved for attorneys' fees and expenses relating to services provided by Joe Alfred Izen, Jr. and Robert Alan Jones (the initial fee requests). The initial fee requests relied in part on sections 6673 and 7430. [1] *303 The Court vacated the decisions in the test cases and ordered the movants to submit documentation pertaining to fees and expenses incurred commencing on June 10, 1992. [2]
On March 31, 2000, the Court issued its Supplemental Memorandum Opinion, Dixon v. Commissioner, T.C. Memo. 2000-116 (Dixon IV), and entered decisions in the test cases reflecting the Dixon III and Dixon IV opinions. In Dixon IV, we rejected the initial fee requests insofar as they relied on section 7430, on the ground that the movants had not substantially prevailed within the meaning of section 7430(c)(4)(A)(i). We did, however, award a portion of the claimed fees and expenses under section 6673(a)(2).[3]
*304 Petitioners in the test cases appealed our decisions to the United States Court of Appeals for the Ninth Circuit (the appeals). The Court of Appeals reversed and remanded, holding that the misconduct of the Government attorneys in the trial of the test cases amounted to fraud on the court. See Dixon v. Commissioner, 316 F.3d 1041 (9th Cir. 2003) (Dixon V).
On May 19, 2005, petitioners in Docket No. 22783-85 moved for attorneys' fees and expenses relating to services provided by Mr. Izen in connection with the appeals. [4] On July 15, 2005, petitioners in Docket Nos. 17646-83, 19464-92, 621-94, and 9532-94 moved for attorneys' fees and expenses relating to services provided by Mr. Jones in connection with the appeals. The Izen and Jones appellate fee requests rely exclusively on section 6673. *305 Section 6673 vs. Section 7430
In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), the Supreme Court held that a district court may not include in a Rule 11 sanction the amount of fees incurred defending the award on appeal. [5] The Court began by observing that "[o]n its face, Rule 11 does not apply to appellate proceedings." Id. at 406. Moreover, the reference in Rule 11 (as then in effect) to fees and expenses incurred "because of" the offending filing did not extend its reach:   In this case, respondents argue, they would have incurred none   of their appellate expenses had petitioner's lawsuit not been   filed. This line of reasoning would lead to the conclusion that   expenses incurred "because of" a baseless filing extend   indefinitely. * * * Such an interpretation of the Rule is   overbroad. Rule 11 is more sensibly understood as permitting an   award only of those expenses directly caused by *306 the filing,   logically, those at the trial level. * * * If the district court   imposes Rule 11 sanctions on the plaintiff, and the plaintiff   appeals, the expenses incurred in defending the award on appeal   are directly caused by the district court's sanction and the   appeal of that sanction, not by the plaintiff's initial filing   in district court. Id. at 406-407. [6] The Court went on to distinguish between fee awards imposed as sanctions and those granted under "fee- shifting" statutes designed to encourage private parties to vindicate their rights: [7] "As Rule 11 is not a fee-shifting statute, the policies for allowing district courts to require the losing party to *307 pay appellate, as well as district court attorney's fees, are not applicable." Id. at 409. We believe the reasoning of Cooter & Gell v. Hartmarx Corp., supra, precludes us from awarding appellate fees and expenses under section 6673. As is the case with Rule 11, section 6673(a) (on which the present movants rely) does not, on its face, apply to appellate proceedings. [8] Under the reasoning of Cooter & Gell, the reference in section 6673(a)(2) *308 to fees and expenses incurred "because of" the sanctionable conduct does not extend the reach of the statute beyond Tax Court proceedings. Rather, any fee award under section 6673 (which, like Rule 11, is not a fee- shifting statute) [9] is properly limited to fees and expenses directly caused by the sanctionable conduct. *309 To paraphrase the Supreme Court, the appellate fees and expenses at issue were directly caused by this Court's rulings in Dixon III, not by the attorney misconduct that occasioned the proceedings underlying that opinion. [10]
The Court of Appeals for the Ninth Circuit has applied Cooter & Gell's "direct causation" approach outside the context of Rule 11 on at least two occasions. See Lockary v. Kayfetz, 974 F.2d 1166, 1178 (9th Cir. 1992) (fees awarded under district court's inherent authority *310 to impose sanctions; "Cooter & Gell suggests that the trial court should limit sanctions to the opposing party's more 'direct' costs", which do not include the costs of preparing the motion); [11] *311 Lyddon v. Geothermal Properties, Inc., 996 F.2d 212, 214 (9th Cir. 1992) (citing Lockary and its reliance on Cooter & Gell, court concludes that fee award under Fed. R. App. Proc. 38 for frivolous appeal should not include the costs associated with computing the amount of the award on remand). See also Manion v. American Airlines, 364 U.S. App. D.C. 333, 395 F.3d 428, 433 (D.C. Cir. 2004) (fee award under 28 U.S.C. section 1927 does not properly include the cost of defending the award on appeal; "much of [Cooter & Gell's] rationale applies with equal force in the section 1927 context").[12]
By contrast, a fee award under a fee-shifting statute such as section 7430 generally encompasses all aspects of the litigation. See Commissioner, INS v. Jean, 496 U.S. 154, 161-162, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (while "[a]ny given civil action can have numerous phases", "the [Equal Access to Justice Act] -- like other fee-shifting statutes -- favors treating a case as an inclusive whole"; accordingly, fees incurred in obtaining an EAJA fee award are recoverable regardless of the Government's reasonableness in contesting the fee award). As noted *312 above, the initial fee requests relied in part on section 7430, a position we rejected in Dixon IV on the ground that the movants had not substantially prevailed. In light of the test case petitioners' subsequent appellate victory, and in order to give effect to Jean's mandate to "[treat] a case as an inclusive whole" in applying fee-shifting statutes, we shall treat the present movants as having revived their section 7430 claims by means of the Izen and Jones appellate fee requests.[13]
*313 Net Worth Requirement
For purposes of section 7430, a "prevailing party" must meet the net worth requirement of 28 U.S.C. section 2412(d)(2)(B) (as in effect on October 22, 1986). Sec. 7430(c)(4)(A)(ii). Rule 231(b)(4) requires the submission of the moving party's affidavit to that effect. Although the initial fee requests relied in part on section 7430, neither included any such net worth affidavits. Furthermore, the Court has determined that the real parties in interest with respect to the Izen and Jones appellate fee requests include not only the present movants but all persons who stand to benefit from the successful prosecution of those requests (i.e., those individuals who have made payments of the requested appellate fees and expenses to Mr. Izen -- directly or through contributions to the Atlas Legal Defense Fund -- or Mr. Jones or are otherwise liable for any portion of the requested appellate fees and expenses). The Court cannot rule on the Izen and Jones appellate fee requests without knowing how many of those real parties in interest *314 satisfy the net worth requirement.
Premises considered, it is
ORDERED that, to the extent applicable, the present movants (petitioners in Docket Nos. 22783-85, 17646-83, 19464-92, 621-94, and 9532-94) shall submit to the Court by October 28, 2005 the affidavit of each real party in interest (as described above) that his or her net worth as of June 10, 1992 did not exceed $ 2,000,000. [14] It is further *315 ORDERED that, on or before October 28, 2005, respondent shall file separate responses to the Izen and Jones appellate fee requests consistent with this Order (i.e., by treating the requests as supplementing the initial fee requests under section 7430). It is further
ORDERED that, in addition to counsel for petitioners in the captioned cases and counsel for respondent, a copy of this order shall be served upon:   Declan J. O'Donnell, Esq.   499 S. Larkspur Drive   Castle Rock, CO 80104   Robert Patrick Sticht, Esq.   P.O. Box 49457   Los Angeles, CA 90049
Renato Beghe
Judge
Dated: Washington, D.C.
September 8, 2005 Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. June 10, 1992 is the date on which the Court granted leave and filed respondent's motions to vacate the decisions in Cravens v. Commissioner, Docket Nos. 16900-83 and 15135-84, and Thompson v. Commissioner, Docket Nos. 19321-83, 31236-84, and 30965-85. ↩
3. Our award would not have been any more generous had we proceeded under section 7430↩ or any other theory of recovery. 4. Petitioners in Docket Nos. 9382-83, 15907-84, 40159- 84, 30979-85, and 29643-86 terminated their representation by Mr. Izen shortly after the commencement of the appellate process and therefore did not join in the motion. See infra note 14. ↩
5. The Court noted that the Court of Appeals for the Ninth Circuit had adopted that view in Orange Production Credit Asso. v. Frontline Ventures, Ltd., 801 F.2d 1581 (9th Cir. 1986). 496 U.S. at 405-406↩. 6. Rule 11 has since been amended to refer to fees and expenses incurred "as a direct result of" the violation. Fed. R. Civ. P. 11(c)(2)↩. 7. See Commissioner, INS v. Jean, 496 U.S. 154, 164-165, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) (describing the purpose of the Equal Access to Justice Act, the fee-shifting statute from which sec. 7430↩ derives). 8. Indeed, the heading of sec. 6673(a) is "Tax Court Proceedings", while the heading of sec. 6673(b)↩ is "Proceedings in Other Courts". 9. That is, the applicability of sec. 6673 "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." Chambers v. NASCO, Inc., 501 U.S. 32, 53, 111 S. Ct. 2123, 115 L. Ed. 2d 27↩ (1991) (discussing the "bad faith" exception to the so-called American rule, the rule that generally prohibits Federal courts from awarding attorneys' fees in the absence of a statutory or contractual provision to the contrary). 10. We recognize that, in Dixon IV, we awarded fees and expenses under sec. 6673 without distinguishing between trial and appellate proceedings. Under the reasoning of Cooter & Gell, the appellate fees and expenses included in the initial fee requests were directly caused by this Court's initial refusal to conduct an evidentiary hearing regarding the effect of the attorney misconduct on the trial of the test cases, not the attorney misconduct itself. Because we did not explicitly address the propriety of awarding appellate fees and expenses under sec. 6673 in Dixon IV, we do not consider ourselves bound by the law of the case doctrine to evaluate the Izen and Jones appellate fee requests under sec. 6673↩. 11. Although Lockary v. Kayfetz did not involve Rule 11 sanctions, we note that Rule 11 now explicitly authorizes the awarding of fees and expenses incurred in "presenting or opposing" the motion for sanctions. Fed. R. Civ. P. 11(c)(1)(A)↩. 12. 28 U.S.C. section 1927, from which sec. 6673 derives, provides:   Any attorney or other person admitted to conduct cases in any   court of the United States or any Territory thereof who so   multiplies the proceedings in any case unreasonably and   vexatiously may be required by the court to satisfy personally   the excess costs, expenses, and attorneys' fees reasonably   incurred because of such conduct. ↩
13. Jean arguably dictates that, in evaluating the Izen and Jones appellate fee requests under sec. 7430↩, we determine prevailing party and substantial justification issues in terms of the underlying deficiency litigation. Because the test case proceedings relating to the underlying deficiencies and the subsequent proceedings relating to attorney misconduct involved fundamentally different facts and issues, we believe we are justified in treating the attorney misconduct phase of the litigation as a separate proceeding for these purposes. 14. By Order dated September 1, 2005, we ordered counsel for petitioners in Docket Nos. 9382-83, 15907-84, 40159-84, 30979-85, and 29643-86 to perform a similar exercise with respect to their appellate fee requests. All counsel are encouraged to coordinate their efforts in this regard so that individuals who are real parties in interest with respect to more than one appellate fee request are not faced with multiple requests for net worth affidavits. Counsel shall provide each other with copies of any such "overlapping" net worth affidavits for inclusion in their respective submissions to the Court, as applicable. ↩