[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12191
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-61207-FAM
Bkcy No. 0:08-bkc-19067-JKO

IN RE: CREATIVE DESPERATION INC.,

     Debtor .
_____

CHARLES FRANKEN,
CHARLES D. FRANKEN PA,

                                    Plaintiffs - Appelees,

versus

BARRY E. MUKAMAL,
Trustee,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Barry Mukamal, as the successor Chapter Seven Trustee (Trustee) of debtor Creative Desperation, Inc., appeals an order denying attorneys' fees incurred while defending a bankruptcy court sanction award on appeal. After review, we affirm the district court.

## I. BACKGROUND

On September 11, 2009, the United States Bankruptcy Court for the Southern District of Florida, relying on its inherent powers, sanctioned Charles D. Franken (Franken) for unauthorized and frivolous pleadings filed during a bankruptcy proceeding. On January 26, 2011, the district court affirmed the sanction order and the amount of the sanction. On March 28, 2011, the Trustee requested an award of attorneys' fees by the district court for defending the sanctions award. The Trustee failed to cite any statute or rule authorizing a recovery of attorneys' fees, but rather based his request solely on a causation argument extrapolated from dicta in *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010). On April 15, 2011, the district court denied the request without explanation. On May 3, 2011, the Trustee filed a notice of appeal.

## II.  STANDARD OF REVIEW

A court reviews the denial of a request for attorneys' fees and costs for abuse of discretion.  *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009).  A court's decision to deny sanctions is also reviewed for an abuse of discretion.  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).  This court will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review. *Id.*; *Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007).

## III.  DISCUSSION

The Trustee raises two issues.  First, the Trustee argues the district court abused its discretion by refusing to award attorneys' fees for the defense of the sanction order on appeal.  Alternatively, the Trustee argues the district court failed to explain its denial, preventing this court from adequately reviewing the district court's decision, and mandating a remand to the district court.

Section 105 of Tile 11 of the United States Code imbues bankruptcy courts with the same inherent powers as federal district courts to sanction abusive conduct.  *In re Porto*, 645 F.3d 1294, 1304 n.6 (11th Cir. 2011).  The key to

3

awarding sanctions under a court's inherent powers is a finding of bad faith by the sanctioned person. *Id.* at 1304. Here, the bankruptcy judge awarded sanctions pursuant to his inherent powers under 11 U.S.C. § 105.

On appeal to a district court from a bankruptcy court, a party can seek sanctions in manners similar to those available in a court of appeals. A party can be sanctioned under 28 U.S.C. § 1927 for actions taken on appeal. *See Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000); *Bonfiglio v. Nugent*, 986 F.2d 1391, 1394–95 (11th Cir. 1993). In addition, a district court may order sanctions for a frivolous bankruptcy appeal under Bankruptcy Rule 8020, the bankruptcy equivalent of Rule 38 of the Federal Rules of Appellate Procedure. Finally, a court's inherent power to sanction extends to the conduct of parties during appeals. *See Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011); *Wheeler v. C.I.R.*, 528 F.3d 773, 782 (10th Cir. 2008); *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008); *FEC v. Toledano*, 317 F.3d 939, 953 (9th Cir. 2002); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

Despite the extensive number of available methods to seek and obtain attorneys' fees as a sanction in the district court, the Trustee did not ground his request in any of them. Instead, the Trustee sought an attorneys' fee award by requesting an extension of the public-policy rationale outlined in *Norelus*.

4

*Norelus* involved a district court's award of sanctions under 28 U.S.C. § 1927. 628 F.3d at 1297. The sanctioned attorneys argued that the district court abused its discretion by including in the sanctions award the costs, expenses, and attorneys' fees incurred in prosecuting the sanction proceedings. *Id.* Relying on the plain language of 28 U.S.C. § 1927, the *Norelus* court upheld the award. *Id.* at 1298. The statute allows for recovery of costs "incurred because of such conduct," and the court reasoned that without the sanctionable conduct, no sanction procedures would have been required. Thus, the sanctionable conduct caused the costs of obtaining sanctions. *Id.* In addition, the court gave in to "temptation" and provided an additional reason for allowing discretion to award the costs of prosecuting a sanctions motion, specifically that not allowing such an award would "undercut" the purposes of sanctions by preventing full compensation to the harmed party. *Id.* Because an aggrieved party should not be discouraged from pursuing sanctions, recovery of the costs associated with pursuing sanctions must be possible. *Id.* at 1298–99.

*Norelus* did not involve the recovery of costs associated with defending a sanction award on appeal. However, the Trustee urges this court to find that the district court abused its discretion in refusing to extend *Norelus* to appellate

attorneys' fees. Such an extension is precluded by the Supreme Court's holding in *Cooter & Gell v. Hartmarx, Corp.*, 496 U.S. 384, 407 (1990).

In *Cooter & Gell*, the Court overturned an award of attorneys' fees incurred in defending a Rule 11 sanction award on appeal. *Id.* at 405–06. The Court rejected the very same causation argument advocated by the Trustee in this case. The Court held that the costs of an appeal of a Rule 11 sanction order is not directly caused by the underlying sanctionable conduct, but rather by the district court's sanction order. *Id.* at 407. The court recognized that additional rules safeguard against frivolous appeals from sanction orders, that meritorious appeals should never be discouraged, and that the traditional American Rule generally prevents prevailing litigants from collecting attorneys' fees from the losing party. *Id.* at 407–09.

This court continues to apply *Cooter & Gell* to appeals from Rule 11 sanction orders, even in the bankruptcy context. *In re Porto*, 645 F.3d at 1306–07. Other courts of appeals have applied *Cooter & Gell*'s bright-line rule to cases ordering sanctions under 28 U.S.C. § 1927 and a court's inherent powers. *Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433–34 (D.C. Cir. 2004) (§ 1927); *In re Kujawa*, 270 F.3d 578, 582–83 (8th Cir. 2001) (inherent powers); *Conner v. Travis County*, 209 F.3d 794, 801 (5th Cir. 2000) (inherent powers). The only

court to adopt the Trustee's causation argument by distinguishing between Rule 11 sanctions and a court's inherent powers was overturned on appeal. *In re Kujawa*, 256 B.R. 598, 612 (8th Cir. BAP 2000), *rev'd*, 270 F.3d 578 (8th Cir. 2001). In reversing, the Eighth Circuit relied solely on *Cooter & Gell*. Each case cited by the Trustee in support of his position either pre-dates *Cooter & Gell* or does not involve an award of appellate attorneys' fees.

Here, the Trustee did not argue Franken's appeal itself was frivolous, but instead argued that the causal link between Franken's sanctionable conduct in the bankruptcy court was sufficient alone to justify an award of attorneys' fees by the district court. This argument contradicts binding Supreme Court precedent, and the district court did not abuse its discretion by declining to adopt this incorrect legal standard.

The Trustee also claims that the district court's perfunctory disposition of the motion was an abuse of discretion. When a party in a counseled case makes only passing references to an issue in his brief, but does not devote a discrete section of his brief to the argument of that issue and presents those references only as background to claims that he has expressly advanced, the party has abandoned that issue on appeal. *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir.

1989).  Here, the Trustee fails to discuss anywhere in the argument section of his opening brief the issue of the district court's perfunctory denial.  Thus, the Trustee abandoned this issue.

Even if the argument was not abandoned, the court would not remand the case.  Generally, a district court only abuses its discretion when *both* the district court's opinion *and* the record fail to provide adequate explanation to allow meaningful appellate review.  *Cox Enterprises, Inc.*, 510 F.3d at 1360.[1]  Here, the district court's denial without explanation does not prevent meaningful appellate review.  The record demonstrates that the Trustee only presented the district court with one legal theory of recovery.  That legal theory did not require any findings of fact by the district court, but only an application of the facts the district court affirmed on appeal.  Thus, the district court could not have abused its discretion by failing to make factual findings.  Furthermore, the district court could not have abused its discretion by applying an incorrect legal standard.  As discussed above, rejection of the Trustee's argument was legally correct.  In sum, the district court's

---

[1] This case should be distinguished from the court's recent holding in *Thompson v. Relationserve Media, Inc.*, 610 F.3d 628, 637–38 (11th Cir. 2010).  *Thompson* held that the Private Securities Litigation Reform Act's mandatory sanction procedures eliminated two key aspects of a district court's discretion in the Rule 11 context, and that the district court's perfunctory findings required remand for compliance with the PSLRA's unique Rule 11 scheme.  *Id.*  This is not a PSLRA case and the district court retained its traditional discretion.

perfunctory denial of the Trustee's legal argument does not demonstrate an abuse

of discretion.  Thus, we affirm.

**AFFIRMED.**